# Langworthy v. Goodall, McLester & Co.

*Statutory Trial of Right of Property in Organ.*

1. *Form of judgment.*—In a statutory claim suit to try the right to property on which an execution has been levied, the issue being found against the claimant, judgment should be rendered declaring the property liable to the satisfaction of the execution; and it is erroneous to render a judgment, in the first instance, against the claimant and his surety, for the assessed value of the property, before the bond has been returned forfeited.

2. *Evidence of financial standing of purchaser, as relevant to question whether sale was absolute or conditional.*-- The issue being whether the claimant had sold the property absolutely to the defendant in execution, or had made a conditional sale, retaining the legal title until the purchase-money was paid, evidence as to the financial credit and standing of the defendant at the time of the sale, the amount of property then owned by him, &c., is not relevant or admissible for any purpose.

3. *Evidence of terms of other sales, as relevant to same question.*—The fact that the claimant made sales of similar property to other persons, without retaining the legal title in himself until the purchase-money was paid, is not relevant to the question whether the legal title was retained in the particular sale to the defendant; but, a printed form of contract being used, with blank names and dates to be filled in writing, and the particular contract in controversy being lost, the court is "not prepared to say" that its printed contents might not be proved by other contracts in the same form, being in the nature of duplicate originals.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

The record in this case shows that, on the 16th November, 1883, an execution was issued on a judgment of said Circuit Court in favor of Goodall, McLester & Co., suing as partners, against J. M. Wooten, for $263.23, and was levied by the sheriff on the 19th January, 1884, on a parlor organ, described as a " Wilcox & White organ ;" that a claim to the organ was interposed by C. W. Langworthy, who made the statutory affidavit, and gave bond, conditioned that he " have the said property forthcoming for the satisfaction of the judgment, if it be found liable therefor, and pay such costs and damages as may be recovered for putting said claim in for delay ;" that an issue was thereupon made up between the parties, under the direction of the court, and submitted to a jury, who returned a verdict in these words ; " We, the jury, find the issues in

favor of the plaintiffs, and assess the value of the organ at the sum of fifty dollars;" and that the court thereupon rendered judgment, "that the plaintiffs have and recover judgment against the said claimant for the sum of fifty dollars, the value of said organ by the jury so assessed, together with the costs in this behalf expended, and against the said H. H. Barclift [surety on the claim bond], for so much thereof as does not exceed the said sum of one hundred and fifty dollars," the penalty of the bond.

On the trial, as the bill of exceptions shows, the plaintiffs having proved, by the sheriff, the levy of the execution on the organ in the possession of said Wooten, the defendant in execution, and his declarations, at the time of the levy, that the organ belonged to his little daughter; said Wooten was introduced by the claimant as a witness, and testified, in substance, that he bought the organ from the claimant, in October, 1881, at the price of $85, for which he executed his note, payable twelve months after date, and took a receipt from the claimant, which recited "that the organ was bound for the purchase-money;" that he failed to pay the note at maturity, and afterwards surrendered the organ to the claimant, who cleaned it up, and left it in his possession until another sale could be effected, with the understanding that, as he had already paid $25 on it, he was to have another opportunity to buy it. The defendant's note for the price of the organ, as the claimant afterwards testified, was not surrendered to him until after the levy of the attachment; and on proof of the loss of the note and receipt, the witnesses were permitted to testify as to their contents. Said Wooten was asked by plaintiffs, on cross-examination, "if he was not getting credit in market at the time he purchased said organ from claimant;" to which question he answered, "that he then had good credit." Objections were duly made by the claimant to this question and answer, and exceptions duly reserved to the overruling of each objection. The claimant, while testifying as a witness, stated that said Wooten, at the time of the sale of the organ to him, "was in business in the town of Blountsville," and he was thereupon asked by plaintiffs, "What were Wooten's goods then worth?" The claimant objected to this question, and reserved an exception to its allowance by the court; but the record does not state the answer of the witness.

The claimant stated, while testifying as a witness for himself, that the receipt which he had given to said Wooten "was in substance as follows: 'Blountsville, Ala., Oct. 8 1881. Received of J. M. Wooten one note, amt. $85, due 12 months from date, and bearing interest at 8 per ct., for one Wilcox & White organ, now at Bangor, Ala., for which an order for the

[Langworthy v. Goodall, McLester & Co.]

same is now given to said Wooten, and it is agreed and understood by said Wooten, that the legal title to the organ now purchased, and for which said note is given, shall remain in C. W. Langworthy until said note is paid in full, with the interest.'" On cross-examination of the claimant, the plaintiffs asked these questions: "How many other persons in this neighborhood did you sell organs to?" "Did you give them the kind of receipt you gave Wooten?" The claimant objected to each of these questions, and duly excepted to their allowance; but the record does not state the answers of the witness. Plaintiffs also asked said witness, "if he had not sold an organ to J. L. Montgomery, who resided in Blountsville, and if he gave Montgomery the same kind of receipt he gave Wooten;" to which he answered, "that he had sold an organ to said Montgomery, taking his note for the price, and giving him a receipt which, according to his best recollection, was substantially the same as that given to Wooten, and recited that the legal title to the organ was reserved by the said Langworthy." To each of these questions, and to the answers thereto, the claimant duly objected and excepted. Said J. L. Montgomery was afterwards introduced as a witness by plaintiffs, and testified that the receipt given to him did not contain any recital as to the retention of the legal title to the organ by said claimant; exceptions being duly reserved by the claimant to each portion of his testimony.

The several rulings of the court on evidence to which exceptions were reserved by the claimant, and the judgment rendered on the verdict, are now assigned as error.

HAMILL & LUSK, for appellant.

T. N. McCLELLAN, and L. R. HANNA, contra.

SOMERVILLE, J.—The judgment is manifestly erroneous. When an execution is levied upon personal property claimed by a stranger, and such property is restored to the claimant, upon his making affidavit that he has a just claim to it, the bond which he is required by the statute to execute is conditioned "to have the property forthcoming for the satisfaction of the judgment, if it be found liable therefor," and for the payment of costs, and damages for delay.—Code, 1876, §3341. The judgment against the claimant, therefore, in the first instance, must be one of condemnation of the property, declaring it liable to the satisfaction of the execution, as the property of the defendant in such execution. Where the levy is under an execution, and not a mere attachment unreduced to judgment, a judgment directing the property to be sold, to satisfy the

[Langworthy v. Goodall, McLester & Co.]

execution, has been held not to be erroneous.—*Tyler v. Dennis,* 2 Ala. 144. A moneyed judgment for the assessed value of the property, or for the amount of plaintiff's execution, can not be rendered against the claimant and his sureties, until the bond is declared forfeited for failure to deliver the property to the sheriff, in the manner required by section 3344 of the Code. The judgment, in this case, is a moneyed judgment rendered against the claimant and his surety, without any forfeiture of such bond, and not a judgment of condemnation of the property in the hands of the claimant, as it should have been.

The issue submitted to the jury in the case was, whether the claimant, Langworthy, when he sold the property in controversy to the defendant in execution, Wooten, retained the legal title in himself by way of conditional sale. Upon the trial of this issue, it was entirely irrelevant to enter into an investigation of Wooten's financial standing, the amount of property owned by him, and other collateral matters, touching the question of his good or bad credit. The inference that the sale was absolute, and not conditional merely, because of the vendee's reputed solvency, is too remote, the financial condition of the vendee being a matter purely collateral, and affording no reasonable presumption as to the principal matter in dispute, which was one of legal title alone.

It was equally irrelevant, to prove that the claimant had sold similar articles of property to other persons, without retaining the legal title. This evidence was also collateral to the matter in dispute, and tended to draw away the minds of the jury from the real question at issue,—probably to excite some prejudice in their minds, and to mislead them. If the rule were otherwise, as observed by Mr. Greenleaf, "the true merits of the controversy might be lost sight of, in the mass of testimony to other points, in which they would be overwhelmed; the attention of the jury would be wearied and distracted; judicial investigation would become interminable; the expenses might be enormous, and the character of witnesses might be assailed by evidence which they could not be prepared to repel." 1 Green. Ev. §§ 448, 52; *Singleton v. Thomas,* 73 Ala. 205.

If the evidence in question showed that the forms of contracts used in sales made to third parties were identical with the lost one which is sought to be proved, by reason of being printed from the same forms of type—thus being in the nature of duplicate originals, with the exception of dates and parties— we are not prepared to say that the contents of the one could not be proved by showing the contents of the other. This is not the case before us.

The judgment is reversed, and the cause remanded.