# Steen *v.* Swadley.

*Action of Assumpsit.*

126  616
d139 529

1. *Action against non-resident; when action can be brought in this State.*—When a cause of action is transitory in its nature, it may be sued on in any county within this State, where the defendant may be personally served with process, though he

[Steen v. Swadley.]

be a non-resident and only transiently here; provided his presence within the jurisdiction is not obtained by fraud or duress; and this principle is applicable in cases where the plaintiff as well as the defendant is a non-resident.

2. *Statute of limitations; does not run against person while absent from the State.*—The statute of limitations does not begin to run against actions for the enforcement of contracts until the debtor is within the reach of process, so that suit may be instituted against him; and the statutory provision (Code, § 2805), which exempts from the computation of the time necessary to create a bar under the statute, applies not only to contracts made in this State between residents of the State, but is also applicable to non-residents and to contracts made without the State.

3. *Action on a contract; relevancy of evidence.*—In an action upon a contract, where the issue presented under the pleadings is as to whether there was any dealing between the plaintiff and the defendant, and whether the contract sued on was executed by the defendant, evidence as to the financial condition and standing of the defendant at the time of the alleged transaction and execution of the contract, is wholly irrelevant to the issue and not admissible for any purpose.

4. *Same; same.*—In such a case, where the contract was for the sale of timber, evidence that the defendant was acting for a third party in the construction of a railroad to which the timber sued for was claimed to have been furnished, is irrelevant and not admissible.

APPEAL from the Tuscaloosa Law and Equity Court. Tried before the Hon. J. J. MAYFIELD.

This action was brought by the appellee, George E. Swadley against the appellant, V. E. Steen; and sought to recover the amount alleged to be due the plaintiff from the defendant for timber which the defendant had cut from the plaintiff's property under a written contract existing between the parties. Both the plaintiff and the defendant were non-residents of Alabama. The suit was instituted in Tuscaloosa county on January 1, 1898. The summons and complaint were executed upon the defendant by the sheriff of Tuscaloosa county on January 1, 1898.

The complaint as originally filed contained the common counts, and also claimed the amount sued for as due by contract. The several amounts were alleged to be due in said complaint on August 1st, 1891. The defendant filed the plea of the general issue and also the

[Steen v. Swadley.]

plea of the statute of limitations. The plaintiff filed a replication to the plea of the statute of limitations in which he averred that from the time the cause of action arose up to the time of the institution of the suit, the defendant had not been a resident of the State of Alabama and had been absent from the State of Alabama since the execution of the contract sued on, up to a short time before the institution of the suit, and such absence had been for a sufficiently long time to keep the cause of action from being barred by the statute of limitations. The defendant demurred to this replication, upon the ground that the account the cause of action declared on was made and was to be paid without the State of Alabama, and that the defendant, at the time of making the account was not, and has not since been, a resident of the State. This demurrer was overruled, and the defendant duly excepted. Thereupon the defendant filed a rejoinder to the replication, in which he set up that the account declared on by the plaintiff was made not in the State of Alabama but in the State of Tennessee, and that at the time of making said account the defendant was not a resident of the State and has not since been a resident of the State of Alabama, and that the contract declared on by the plaintiff was neither made nor agreed to be performed in Alabama. To this rejoinder the plaintiff demurred upon the grounds, 1st, that the residence or non-residence of the defendant is irrelevant, and that the rejoinder presents no material issue in the case. 2d. The exception to the statute of limitations made by section 2805 of the Code applies to an absence from the State of any person during the period within which a suit might be brought against him, and is not limited in its operation to residents of the State of Alabama. This demurrer was sustained and the defendant duly excepted. The plaintiff subsequently amended his complaint by adding a count in which he declared upon a contract and sought to recover the amount stated in the original complaint as being due from the defendant for a certain quantity of timber which was furnished to the defendant under said written contract.

[Steen v. Swadley.]

The defendant filed a plea of *non est factum,* in which he denied the execution of said contract. Upon issue joined upon the plea of the general issue and the plea of *non est factum,* the trial was had.

The evidence for the plaintiff tended to show that the plaintiff and the defendant, who were residents of the State of Tennessee, entered into a contract. That the defendant represented himself to be a contractor engaged in constructing a railroad, and that after negotiations between him and the plaintiff they entered into the contract sued on, in which the plaintiff agreed to allow the defendant to cut oak timber from the plaintiff's lands, the defendant to pay him $5 per thousand feet. This contract was dated June 26, 1890, and was signed by the plaintiff and the defendant and their signatures were attested by one W. P. Norris and W. P. Alexander. Both the plaintiff and W. P. Norris, the attesting witness, testified to the execution of this contract on the part of the defendant. Other witnesses introduced for the plaintiff testified to the fact of the defendant's cutting timber from the plaintiff's lands.

The defendant as a witness in his own behalf testified that he did not sign his name to the contract which was introduced in evidence, and which purported to be a contract between him and the plaintiff, and that he did not authorize any one to sign said contract for him. That at the time referred to in the testimony of the witness for the plaintiff, he was not an independent contractor, but was working as a sub-contractor for one Kenebeck, and that if there was any arrangement or agreement on the part of plaintiff for the cutting of timber from his property it was with Kenebeck as the original contractor, and that in cutting the timber he was acting as Kenebeck's agent. The defendant introduced several witnesses, who, after having testified that they knew the defendant and were acquainted with his hand-writing, expressed their opinion that the signature of the defendant's name to the contract sued on was not in the defendant's handwriting.

During the examination of several of the witnesses for the defendant, they were each separately asked if they knew the defendant's financial condition at the time of the alleged execution of the contract offered in

evidence, and during the spring and summer months of the year 1900. To each of such questions the plaintiff separately excepted, upon the ground that it called for illegal, irrelevant, immaterial and inadmissible evidence. The court sustained each of the objections, and the defendant separately excepted to each of such rulings. The defendant then sought to prove by each of said witnesses that it was generally known in the community where the plaintiff and the defendant lived during the spring and summer months of 1890 that the defendant was financially irresponsible and wholly insolvent. The plaintiff objected to the introduction of this evidence, upon the ground that it was immaterial, irrelevant and inadmissible. The court sustained each of such objections and the defendant separately excepted thereto.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff, to the rendition of which judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FITTS & FITTS, for appellant.—The court was without jurisdiction to hear and determine this cause.

This record shows without the shadow of conflict that both plaintiff and defendant are non-residents of Alabama, and that the contract and account sued upon was created and the articles furnished in the State of Tennessee; and that payment was to be made in Tennessee. Under this state of fact we submit that it was the duty of the court to have *ex mero motu* declined to hear or pass judgment in the cause.—*Jeffries v. Harbin,* 20 Ala. 387; 2 Brick. Dig., 158, §§ 21, 22; *Cen. R. R. & B. Co. v. Carr,* 76 Ala. 388; *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149; *Iron Age Pub. Co. v. West. Un Tel. Co.,* 83 Ala. 498; *Townsend v. Jemison,* 9 How. 407; Angell on Limitations, 6090, p. 58 and note; *McElmolle v. Cohen,* 13 Peters 312; Code of 1896, § 2808.

The defense was that the contract was never executed by the defendant, and that if the timber was

[Steen v. Swadley.]

bought by defendant, he bought as the agent of his principal, William Kenebeck. If Swadley sold, he sold not to Steen (defendant), but to William Kenebeck. The defendant's plea of the statute of limitations presented a complete defense.

VANDEGRAAFF & VERNER, *contra.*—The record shows an appearance by the defendant in the court below, both in person and by attorneys, without any objections to the jurisdiction of the trial court; and if it should be conceded that the lower court was without jurisdiction, if that question had been raised below, the objection comes too late in this court.—*Louisville & Nashville R. R. Co. v. Baker,* 96 Ala. 453; *Norton v. Norton,* 94 Ala. 481.

The statute of limitations pleaded by the defendant was not applicable under the facts in the present case. *Kemp v. Badder,* 6 S. W. Rep. (Tenn.) 126.

The trial court heard and passed upon the evidence in the case without the intervention of a jury, and the judgment and conclusion of the court on the facts will be accorded the same weight as the verdict of a jury; especially when a part of the testimony was given *viva voce* from the stand in open court.—*Skinner v. State,* 87 Ala. 105; *Woodrow v. Hawkins,* 105 Ala. 240; *Bridgeport Lumber Co. v. Ladd,* 107 Ala. 244.

SHARPE, J.—When as in this case a cause of action is transitory in its nature, it may be sued on wherever within the State the defendant may be personally served with process though he be a non-resident and only transiently here, provided his presence within the jurisdiction be not obtained by fraud or duress.—*Smith v. Gibson,* 83 Ala. 284; Story's Con. Laws, §§ 554, 581. The principle is the same though the plaintiff as well as the defendant is a foreigner.—*Peabody v. Hamilton,* 106 Mass. 217; 76 Am. Dec. 667; *Barrell v. Benjamin,* 15 Mass, 354; *Roberts v. Knights,* 7 Allen, 449.; *Rice v. Brown,* 81 Me. 56; *Alley v. Caspari,* 80 Me. 234.

The decisions in *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149, and other cases cited for appellant where foreign corporations are defendants, are without application where a natural person is the defendant.

Those cases involved the construction of statutes pro- viding a mode for suing such corporations here, which could not be done in the absence of statute, for the rea- son that a corporation cannot move from or exist out. of the State of its creation.   The city court had juris- diction of the subject-matter of the suit as well as of the defendant's person.

The statute of limitations does not begin to run against actions for the enforcement of contracts until the debtor is within the reach of process so that suit may be commenced against him here.   That clause (Code, § 2805) which saves from the statute's opera- tion the period during which the debtor is absent from the State, applies as well, to contracts made in another State and where the debtor has never been a resident of this State, as to contracts made here and where deb- tors domiciled here, absent themselves.   Section 2805 of the Code is but a condensation of the saving clause found in the statute originally adopted in this State (See Aik. Dig. p. 271, § 74) and this court has uni- formly construed the provision in accordance with the proposition we have stated.—*Towns v. Bardwell,* 1 Stew. & Port. 36; *Smith v. Bond,* 8 Ala. 386; *State Bank v. Seawell,* 18 Ala. 616; *Wright v. Strauss,* 73 Ala. 227; *Holley v. Coffee,* 123 Ala. 406; See also Ang. on Lim.. pp. 214-217 and notes.

Decisions construing similar statutes may be found' elsewhere which are not in harmony with those of our court and this is so notably in Texas where the courts seem to have followed the majority opinion in *Snoddy v. Cage,* 5 Tex. 106, which held that the absence of a non-resident who had never been suable there after the cause of action accrued, was not the absence which the statute intended should be deducted from the period allowed for suit and consequently did not prevent the statute from running in favor of the debtor; but that such construction was opposed to the current of decis- ions both English and American is shown in the able dissenting opinion rendered in that case.

As a general rule, facts are deemed relevant as evi- dence which logically tend to prove or disprove the fact in issue, yet the rule does not require the admission of '

facts bearing so remotely upon the issue that they afford merely a conjectural inference concerning the main fact.   To do so would be to conduct inquiry into collateral matters whereby the trial of the main issue would be embarrassed rather than aided.—1 Greenl. Ev. §§ 52, 448; *Brewer v. Watson,* 65 Ala. 88.   The defendant's financial condition whatever it may have been would have furnished no reliable inference as to whether he made the contract on which the suit was based which was the main question of fact in dispute.—*Langworthy v. Goodall,* 76 Ala. 325.

Upon the same principle evidence that defendant was acting for Kenebeck in building the railroad for which the timber and work sued for are claimed to have been furnished, was inadmissible.   The dispute was, not as to the capacity in which the defendant dealt with the plaintiff but, as to whether he dealt with the plaintiff at all, which fact was affirmed by the plaintiff and denied by the defendant and in that dispute relations between the defendant and Kenebeck were not involved.

In our opinion the evidence fully sustains the judgment rendered by the trial court, and it will be affirmed.