# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1911-1912.

## Hosey *v.* The State.

*Murder.*

(Decided May 30, 1912.   59 South. 549.)

1. *Judgment; Recitals; Presence of Accused.*—The recitals in the minute entry of the judgment held sufficient to show the presence of the accused when the verdict was rendered.

2. *Witnesses; Examination; Repetition.*—Where it appeared that the defendant had been shot and a witness had testified that he did not know how long the defendant lay upon the ground after he was shot before he was taken home, and the question calling for the statement was not shown by the bill of exceptions, it was not error to refuse to permit a question "about how long" as it called for a mere repetition.

3. *Appeal and Error; Harmless Error; Evidence.*—It is not error harmful to the defendant to exclude evidence as to a matter which was subsequently proven without objection.

4. *Witnesses; Credibility; Interest.*—The fact that a witness for defendant either for herself or jointly with her husband owed the defendant an amount of money, was admissible to show bias or interest.

5. *Homicide; Evidence; Relation.*—Where it appeared that the defendant was a tenant of deceased, a statement by the defendant, shortly before the killing to the effect that he was not going to stay there, or make any crop, was admissible as tending to show the relations existing between the parties prior to the difficulty.

6. *Same; Instructions; Self Defense.*—A charge asserting that before there could be a conviction for murder in the second degree on the ground that the killing was done with a deadly weapon concealed at the time, the state must show beyond all reasonable doubt that the weapon was concealed, and that deceased did not know that the defendant had a weapon when the difficulty commenced, and that unless it was shown beyond all reasonable doubt that defendant was the assailant and provoked the difficulty, the

jury should acquit, was properly refused as authorizing an acquittal, rather than negativing a conviction of murder in the second degree on such ground.

7. *Same.*—A charge asserting that there may be cases of murderous assault from which it is not the duty of the person assaulted to retreat or employ other efforts to avoid taking the assailant's life, and that if from the evidence retreat was impracticable, and would have increased his danger when he was about to suffer great bodily harm while he was rightfully attending to his own affairs, and not provoking the difficulty, he should be acquitted, was properly refused as being in part unintelligible.

8. *Same.*—A charge asserting that if the defendant was suddenly attacked by the deceased so as to impress him that to retreat would only increase his danger, he was not·bound to retreat, if without fault in provoking the difficulty, failed to include the existence of an honest belief on the part of the defendant of peril to his life or limb, and was objectionable.

9. *Same.*—A charge asserting that if from the greater weight of evidence defendant, at the time the fatal shot was fired, without fault on his own part was attacked by deceased under circumstances denoting an intention to take life, or to do bodily harm, he had a right to kill, authorized the finding by the jury of defendant's duty to retreat upon a part only of the evidence bearing upon that question, and hence, was properly refused.

10. *Indictment and Information; Offenses Included; Conviction.*— An indictment for murder will support a conviction of an offense below that grade of homicide. (Section 7315, Code 1907.)

11. *Charge of Court; Abstract.*—A charge on a subject about which there is no evidence, if properly refused, as abstract.

12. *Same.*—A charge asserting. that any reasonable doubt of guilt requires the jury to return a verdict of not guilty is abstract.

13. *Same; Reasonable Doubt.*—A charge asserting that defendant was not bound to make proof of any fact, and might rest secure upon the presumption of his innocence until that was overcome by satisfactory evidence of guilt, might be understood that the presumption of innocence would be overcome by evidence satisfying the jury that the defendant cannot be guilty, and hence, was properly refused.

14. *Same.*—A charge asserting that the jury were not necessarily governed by a preponderance of the evidence, but that if the evidence tended to acquit him, however small compared with that tending to show his guilt, was such as to raise a reasonable doubt of his guilt, he should be acquitted, was calculated to require the jury to acquit, if the evidence referred to, considered alone did not satisfy them of his guilt.

15. *Same; Ignoring Evidence.*—A charge was properly refused which ignores other evidence in the case tending to show that the defendant was guilty of murder when it bases an acquittal on the facts therein hypothesized.

16. *Same; Singling Out Evidence.*—A charge asserting that the jury should consider the evidence tending to show a justifying motive, together with the other evidence in the case, singled out

part of the evidence for special consideration, and was properly refused.

17. *Same; Want of Explanation.*—Where the only plea is that of not guilty, a requested instruction referring to special pleas was properly refused as calling for an explanation of what was meant by the expression "special pleas" or as being otherwise improper.

18. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Will Hosey was convicted of murder in the second degree, and he appeals.   Affirmed.

William Black, a witness for the state, while being cross-examined was asked by the defendant, "Did you hear the doctor say where he was hit?"  Objection was sustained to the question, and defendant excepted. During the cross-examination of the same witness, he stated that he did not know how long the defendant lay there on the ground before they took him home, and the defendant then propounded the following question: "About how long?"  Objection was sustained to this question.   Defendant also propounded to the same witness the following questions, "How did the defendant get away from there?"  And "Do you know whether he was carried away, or whether he walked away?"  Objection was sustained to both these questions, but it was subsequently shown without objection that the defendant was carried home in a wagon.   While Mrs. Adams was being examined as a witness for the defendant, the solicitor on the cross asked her the following question: "Your husband was convicted here in the county court for selling whisky, and Mr. Hosey furnished $50 to pay off his fine and costs, did he not?"

The following charges were refused to the defendant: (1) "The court charges the jury that before they can convict the defendant of murder in the second degree,

upon the grounds that the killing was done with a dead-
ly weapon concealed at the time, the state must show
by the evidence beyond all reasonable doubt that the
weapon was concealed, and the deceased did not know
that the defendant had a pistol when the fight com-
menced; and, in addition to this, the state must show
by the evidence beyond all reasonable doubt that the
defendant was the assailant, that he was the aggressor
and provoked the difficulty, and, if the jury has any
reasonable doubt upon either one or both of these prop-
ositions, then the jury should acquit the defendant of
murder on this count." (8) "The defendant is not
bound to satisfy the jury that his special pleas are true
or even partially true, if the evidence of his guilt does
not reach the point that it excludes all reasonable doubt
of the defendant's guilt." (10) "It is the duty of the
jury to consider the evidence tending to show a justify-
ing motive in connection with the other evidence in the
case, and, if they are in reasonable doubt of his guilt,
they should acquit." (11) "The jury are not neces-
sarily governed by the preponderance of the evidence.
If the evidence tending to acquit the defendant of guilt,
however small compared with that tending to show his
guilt, is such that, from a due consideration of it, they
are not satisfied beyond a reasonable doubt of the de-
fendant's guilt, they must acquit him." (13) "I charge
you that there may be cases of murderous assault from
which it is not the duty of him who is assaulted to
retreat, or employ other efforts to avoid taking the life
of the assailant, and if you find from all the evidence
in this case that retreat by defendant was impracticable
and would have increased his danger, and that he was
about to suffer great bodily harm at the hands of the
deceased, and that the defendant was rightfully attend-
ing to his own affairs, and the place for that purpose,

and without fault in provoking or encouraging the difficulty, you are authorized to so find and to acquit the defendant." (18) "If the defendant was suddenly attacked by the deceased by a forcible and fierce assault such as made a reasonable impression on the defendant's mind that to retreat would only increase an existing and impending danger, the defendant was under no duty to retreat if he was without fault in bringing on the difficulty. (21) "If you find from the greater weight of the evidence that the defendant was, at the time the fatal shot was fired, in the lawful pursuit of his business, and he was then attacked by deceased under circumstances which denoted an intention to take life, or to do him some grievous bodily harm, defendant had the right to take the life of the deceased, if he was without fault in bringing on the difficulty, and was honestly impressed with the reasonable belief that he would increase his apparent danger by an attempt to retreat." (22) "I charge you that if good character as a man of peace may be sufficient to raise a reasonable doubt of guilt, and if, after a consideration of all the evidence, the jury believe that such good character has been proved by the defendant, a reasonable doubt of his guilt may arise from that fact alone." (24) "If, after a fair consideration of all the evidence, the jury are reasonably uncertain as to whether the defendant was guilty of unlawful homicide, the defendant must be acquitted." (27) "The defendant is not bound to make proof of any fact, and may rest secure on the presumption of his innocence, until this presumption has been overcome by evidence that satisfies the jury beyond all reasonable doubt that defendant cannot be guilty." (29) "The law in tenderness to human frailty receives sudden heat of passion on sufficient provocation as sufficient to reduce an unlawful killing to manslaughter."

(30) "A reasonable doubt of guilt may arise in the minds of the jury from only a part of the evidence." (32) "The law does not seek a conviction of those that the evidence may reasonably show to be guilty." (33) "Any reasonable doubt of the guilt of the defendant required the jury to return a verdict of not guilty."

F. E. St. John, for appellantt. The fact that the defendant was shot and as to how he got away, and as to how long he lay on the ground after being shot was a part of the res gestae of the assault, and was admissible.—*Fonville v. The State,* 91 Ala. 39; *Johnson v. The State,* 94 Ala. 1; *Pate v. The State,* 150 Ala. 10; *Newman v. The State,* 160 Ala. 102. Charge 1 should have been given.—*Scales v. The State,* 96 Ala. 69. Charge 6 should have been given.—*Riley v. The State,* 88 Ala. 188. Charge 8 should have been given, as well as charge 11.—*Hurd v. The State,* 94 Ala. 100; *Prince v. The State,* 100 Ala. 144; *Miller v. The State,* 107 Ala. 58. Charge 10 should have been given.—*Harris v. The State,* 96 Ala. 28. Charge 15 should have been given. —*DeArman v. The State,* 71 Ala. 351; *Keith v. The State,* 97 Ala. 32; *Goodwin v. The State,* 102 Ala. 87. Charge 18 should have been given.—*Smith v. The State,* 68 Ala. 430; *Fowler v. The State,* 155 Ala. 21. Counsel discusses other charges refused, but without further citation of authority.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State.

WALKER, P. J.—Before the killing which was the subject of the charge made against the appellant, his relation to the deceased had been that of a tenant or share cropper. There had been some disagreement between the two men. The killing occurred in the course

of a difficulty between them growing out of rival claims to the possession of a mule. The defendant was shot on that occasion; but, under the evidence in the case, it was a controverted question whether he was shot by the deceased in the course of the difficulty between them, or by a son of the deceased after his father had received the mortal wound. With a single exception, the questions presented by the record before us relate to rulings of the trial court made on objections to evidence and in refusing written charges requested by the defendant.

The exception referred to is an alleged failure of the record to show that the defendant was personally present in court when the verdict of the jury was rendered. The record is not defective in this respect. That the defendant was present in person when the verdict was rendered is shown by recitals of the minute entry of the judgment which are substantially the same as those which have been held to be sufficient in this regard.— *Cardwell v. State*, 1 Ala. App. 1, 56 South. 12.

The record does not show that there was any impropriety in the action of the court in sustaining the solicitor's objection to the question, "About how long?" which was asked by the state's witness J. O. Black on his cross-examination. That question immediately followed a statement of the witness, made in the course of his cross-examination, to the effect that he did not know how long the defendant lay on the ground after he was shot and before he was taken home. The bill of exceptions does not set out the question to which that statement was an answer. For anything that appears it may well have been identically the same question the objection to which was sutained. The court cannot be charged with error for refusing to permit the repetition of a question which already had been answered.

The defendant could not have been prejudiced by the action of the court in sustaining objections to questions asked the same witness on his cross-examination as to how the defendant got away from the place where he fell. That ruling did not result in depriving the defendant of the benefit of the evidence sought to be elicited by the question. By testimony subsequently introduced, and which was not contradicted or called in question in any way, he proved that he was taken home in a wagon.

The court was not in error in overruling the defendant's motion to exclude the part of the testimony of the witness Chance in reference to a statement made to him by the defendant shortly before the killing to the effect that he was not going to stay there or make any crop. That evidence was admissible as having some tendency to show the relations existing between the defendant and the deceased prior to and at the time of the fatal shooting.—*Hudson v. State,* 61 Ala. 333; *Spraggins v. State,* 139 Ala. 93, 35 South. 1000.

It was permissible for the solicitor, on the cross-examination of Mrs. Adams, a witness for the defendant, to bring out the circumstance that she or her husband owed the defendant an amount of money furnished by him for the purpose of paying a fine and costs assessed against the husband of the witness. This evidence was admissible for the purpose of showing a bias or interest on the part of the witness, and the court instructed the jury that it was to be considered by them only for that purpose.—*Lodge v. State,* 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23.

The refusal of the court to give written charge 1 requested by the defendant was justifiable, because by that charge the jury were instructed that, in the event of their finding that the state of facts existed which

was hypothesized, they should acquit the defendant—not that they should not in such an event convict the defendant of murder in the second degree on the ground mentioned—and because it ignored other evidence in the case tending to show the defendant's guilt of murder, without regard to the circumstance of the killing having been caused by the use of a deadly weapon which was concealed before the commencement of the difficulty.—*Parker v. State,* 165 Ala. 1, 10, 51 South. 260.

The defendant could not have been prejudiced by the court's refusal to give his refused charge 4, as he had the benefit of the proposition stated in it under written charges 2 and 4 given at his instance. For a like reason he cannot complain of the refusal to give charge 6, as a written charge bearing the same number and embodying substantially the same proposition was given at his request.

The court was justified in refusing to give written charge 8 requested by the defendant because of the reference in it to the defendant's "special pleas." The court is presumed to have instructed the jury as to their duties in trying the issue made by the defendant's plea of not guilty—the only plea interposed to the indictment. A reference in the charge to "special pleas" may be regarded as either improper or as calling for an explanation of what was meant by the expression. In either of these lights in which the use of the expression may be regarded, its presence in the charge justified the action of the court in reference to it.

The court was warranted in refusing to give charge 10 requested by the defendant, because it singled out part of the evidence in the case for the special consideration of the jury.

Charge 11 was properly refused, because it was calculated to convey the impression that it was the duty

of the jury to acquit the defendant if the evidence referred to, considered by itself, not in connection with the other evidence in the case, did not satisfy them beyond a reasonable doubt of the defendant's guilt.

The fact that the defendant's charge 13 was in part unintelligible justified the court in refusing to give it.

Under charge 2 given at the request of the defendant he had the benefit of substantially the same proposition which was asserted in his written charge 15.

Charge 18 was faulty in failing to hypothesize, as a ground for relieving the defendant of the duty to retreat, the existence of an honest and reasonable impression or belief on his part of peril to himself in life or limb.—*Storey v. State,* 71 Ala. 329.

It was a fault in charge 21 requested by the defendant that it was so expressed as to be liable to convey the impression that the jury should base their finding as to whether or not the defendant was relieved of the duty to retreat upon the "greater weight" of the evidence in the case, considered by itself, not in connection with the other evidence in the case. It was calculated to withdraw from the consideration of the jury part of the evidence in the case having a bearing upon the inquiry referred to.

Charge 22 was properly refused, as there was no evidence on the subject of the defendant's character.— *Dryman v. State,* 102 Ala. 130, 15 South. 433; *Gater v. State,* 141 Ala. 10, 37 South. 692.

Without inquiring whether charge 24 was otherwise faulty, it was properly refused because, under the statute, such an indictment as the one in this case would support a conviction of an offense below the grade of homicide included in the charge of murder.— Code, § 7315; *Thomas v. State,* 125 Ala. 45, 27 South. 920.

The court could not be required to give such an instruction as that embodied in the defendant's charge 27, as it was capable of being understood as asserting that the presumption of the defendant's innocence would be overcome by evidence from which the jury is satisfied beyond a reasonable doubt that the defendant "cannot be guilty."

Charge 29 was so carelessly framed that it did not clearly express any proposition of law applicable to the evidence. The same criticism applies to charge 30 and 32.

The proposition embodied in charge 33, conceding that it is clearly expressed, was covered by other written charges given at the request of the defendant.

It was not claimed in the argument of the counsel for the appellant that there was any error of which complaint could be made in rulings presented for review other than those above referred to. We discover in the record no error prejudicial to the appellant.

Affirmed.