## Mason v. The State.

### Violating Prohibition Law.

(Decided February 11, 1915. 67 South. 715.)

1. *Intoxicating Liquors; Evidence.*—Where it did not appear that the witness who testified that he had seen the defendant have whiskey in his possession, was testifying to an event that occurred subsequent to the issuance of the affidavit and warrant, it was not error to permit the witness to so testify, and where that fact was disclosed on a cross-examination of the witness, the court properly excluded the evidence.

2. *Witnesses; Examination; Bias.*—On cross-examination of a witness for defendant it was proper to permit the state to ask such witness if the defendant had not worked for the father of the witness, as it was within the rule permitting cross-examination to show bias.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

King Mason was convicted of violating the prohibition laws and he appeals. Affirmed.

BALDWIN & MURPHY, for appellant. The judge's failure to instruct the jury to disregard testimony of the witness Ward as to seeing the defendant with whiskey after the warrant was issued, was prejudicial error.— *Green v. The State,* 96 Ala. 33. The charge requested

should have been given.—*L. & N. R. R. Co. v. Seale,* 49 South. 323.

W. L. MARTIN, Attorney General and J. P. MUDD, Assistant Attroney General.

PELHAM, P. J.—The affidavit upon which the defendant was tried contained two counts for violating the prohibition laws, one charging that the defendant sold, offered for sale, kept for sale, or otherwise disposed of, the specified prohibited beverages, and the other count charging simply a sale. There was evidence to support the jury's finding of guilt on both counts.

When it developed from the cross-examination of the state's witness A. J. Ward that the time as testified to by him when the defendant was seen at his (witness') father's house with some whisky in a sack was a subsequent time to the date of the affidavit upon which he was being tried, the court on the defendant's motion promptly excluded this testimony, and it would not constitute reversible error that this testimony had been admitted against defendant's general objection on the direct examination of the witness, when at that time it had not been made to appear that the event testified to occurred after the swearing out of the affidavit charging the offense.

The court, in permitting the solicitor to ask the defendant's witness G. D. Burns on cross-examination if the defendant did not work for the father of the witness was clearly within the rule relating to matters that may be inquired into on the cross-examination of a witness for the purpose of showing bias.

The charge refused to the defendant omits the necessary qualification of the witness having willfully sworn falsely, besides being capable of a construction that the

jury were authorized to disregard the testimony of one of the named witnesses if they believed the other had sworn falsely.

No reversible error is shown, and an affirmance is ordered.

Affirmed.