(85 South. 486)

RODGERS v. RICKETTS.  (8 Div. 248.)

(Supreme Court of Alabama. April 8, 1920.)

1. Appeal and error ⬅1011(1)—Finding on conflicting evidence not disturbed.

Where the evidence on an issue of fact was conflicting, the Supreme Court cannot disturb the finding of the trial court, who saw and heard the witnesses.

2. Trial ⬅46(2)—Testimony of defendant as to market value of mule sold plaintiff inadmissible in absence of explanation.

In an assumpsit by plaintiff claiming he bought a mule for $40 from defendant who claims the price was $140, testimony of defendant as to the reasonable market value of the mule when he sold it *held* irrelevant in the absence of explanation to the court that the answer would tend to show a value very greatly in excess of $40.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action of assumpsit by J. L. Ricketts against E. Douglass Rodgers. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Spragins & Speake, of Huntsville, for appellant.

The evidence was conflicting, and the court should have admitted in evidence the circumstances tending to throw light on the reasonableness or unreasonableness of the respective claims of the parties. 203 Ala. 481, 83 South. 475; 16 Cyc. 1118.

R. E. Smith, of Huntsville, for appellee. No brief came to the reporter.

SOMERVILLE, J. [1] The sole issue of fact in this case was whether plaintiff bought the mule from defendant for the price of $40, as claimed by plaintiff, or for the price of $140, as claimed by defendant. On this issue it seems to us that the evidence preponderated somewhat in favor of plaintiff; at least, it was in such conflict that we cannot disturb the finding of the trial court, who saw and heard the witnesses, and can better judge of their credibility than can we.

As tending to show the greater probability of defendant's claim as to the price agreed on, his attorney asked him what was the reasonable market value of the mule at the time he sold it to plaintiff.

[2] In the absence of any explanation to the court that the answer would tend to show a value very greatly in excess of $40, if not of approximately $140, it is clear that the question was properly excluded as irrelevant. Non constat, but the answer may have been that the value was but $40 or $50, and hence prejudice from its exclusion does not appear.

We need not determine whether, if it had appeared that the answer would have been that the value was $140, or thereabouts, that fact would have been relevant to the credibility of the respective claims of the parties, as tending to show the probability of the one, or the improbability of the other. See, however, for analogous instances, Brewer v. Watson, 65 Ala. 88, 97; Langworthy v. Goodall, 76 Ala. 325; Steen v. Swadley, 126 Ala. 616, 28 South. 620.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes