(96 South. 216)

**SORRELL v. SCHEUER.    (4 Div. 57.)**

(Supreme Court of Alabama.    April 19, 1923.)

1. **Evidence ⟨⇒⟩99—Generally only facts tending to prove or disprove or which shed light on fact in issue are relevant.**

Generally facts are deemed relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference or shed light upon the matter contested, and facts bearing so remotely upon the issue that they afford merely a conjectural inference concerning the facts in issue should not be admitted in evidence.

2. **Appeal and error ⟨⇒⟩970(2)—Evidence ⟨⇒⟩145—Discretionary with court whether evidence too remote and its ruling not reviewable in absence of plain error.**

Whether evidence offered is too remote to be admissible is for the court to decide in the exercise of a sound discretion, and such ruling will not be revised on appeal, unless it is plain that error was committed.

3. **Trial ⟨⇒⟩49—Evidence doubtfully competent should be admitted if it tends to prove fact in issue, however slightly.**

Where the competency of evidence is doubtful, it should be allowed to go to the jury, leaving them to determine its weight and credibility.

4. **Witnesses ⟨⇒⟩329, 372(1)—On cross-examination any fact tending to show bias, interest, partiality, or to impeach witness may be elicited.**

On cross-examination of the witness any fact may be elicited which tends to show bias, interest, or partiality, or to impeach or illustrate the accuracy of the witness' statements or memory.

5. **Appeal and error ⟨⇒⟩1048(6)—Error in allowing too great latitude on cross-examination must be clearly prejudicial to justify reversal.**

Greater latitude is permissible on cross-examination than on the direct, such as in the sound discretion of the trial court is necessary and tends to show bias, interest, partiality, sincerity, memory, accuracy, or credibility, and any error in allowing a too great latitude must be clearly prejudicial to justify a reversal.

6. **Witnesses ⟨⇒⟩372(2)—Business association, employment, or indebtedness between witness and party at interest may be shown on cross-examination to show bias, interest, or prejudice.**

Business association, employment or indebtedness between witness and the party at interest may be shown on cross-examination in a proper case as tending to show bias, interest, or prejudice.

7. **Trial ⟨⇒⟩56—Exclusion of cumulative evidence held not error.**

In an action on account defended on ground defendant was not doing business under the firm name of S. & Co., as alleged, and that he was not a member of such partnership, exclusion of rental notes purporting to show that S. conducted the business and rented the storehouse from defendant, to whom he gave the rental notes, held not error where the court allowed witness to state the fact that he, witness, rented the storehouse on his own responsibility.

8. **Trial ⟨⇒⟩56—Refusal to permit witness to state how much money he had when he began business, to prove that he and not defendant was carrying on the business, not error.**

Where, in an action on account in which defendant answered he was not doing business under firm name of S. & Co., as alleged, witness S. had testified that he (S.) used his own money in going into business, that he had some money at that time, and that no part belonging to defendant was used, refusal to permit question "Can you remember about how much you had?" held not error, in view of testimony already given by S.

9. **Partnership ⟨⇒⟩49—Testimony of witness as to the nature and extent of purchases by a witness from an alleged partner held to be beside the issue.**

Where in a suit against defendant as a member of an alleged firm he answered he was not doing business under the firm name as alleged, and was not a member thereof, testimony as to the nature and extent of purchases from the witness by defendant when the latter was in business were beside the issue.

10. **Evidence ⟨⇒⟩71—Presumed that properly addressed and posted letter with return address thereon was received by addressee.**

The presumption of law is that a letter properly addressed and containing sufficient postage duly deposited for transmission in the mails of the United States, and not returned to the writer whose address is indicated on the envelope, was received by the addressee.

---

⟨⇒⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 351.

**11. Evidence ⚖️➡️177—Admissibility of secondary evidence in discretion of court when absence of primary evidence is accounted for.**

Admissibility of secondary evidence is generally left to sound discretion of the court when the absence of the primary evidence is established and accounted for within the rule having application to such evidence.

**12. Evidence ⚖️➡️181—Admission of carbon copies of letters held not error where addressee denied receipt, and notice to produce would have been fruitless.**

Where letters were properly addressed to defendant and posted, with return address of sender thereon, but not returned to the latter, it was not error to produce carbon copies of the letters after defendant testified he had not received the original letters, and notice to produce would have been fruitless.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Action on account by Harry Scheuer against J. F. Sorrell, doing business as J. A. Sessions & Co., and individually. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

John H. Wilkerson, of Troy, for appellant.

Relevancy is that which conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one which, if sustained, would logically influence the issue. 1 Wharton, Ev. (Civil) § 20.

C. C. Brannen, of Troy, for appellee.

The question whether evidence offered is too remote from transaction to be admissible is one for the trial court to determine, and will not ordinarily be revised on appeal. 10 R. C. L. 926; Steen v. Swadley, 126 Ala. 622, 28 South. 620; Brewer v. Watson, 65 Ala. 88.

THOMAS, J. The questions for review arose on the introduction or rejection of evidence in the court below in the suit of Harry Scheuer against J. F. Sorrell, doing business under the firm name of J. A. Sessions & Co. and J. F. Sorrell, as a member of that firm. Defendant Sorrell answered the complaint, saying that he was not and had not been doing business under said firm name, etc., and that he was not a member of any such partnership as that indicated. To this answer plaintiff replied that defendant is estopped from setting up that he is not a member of said firm, and not bound for the debts thereof, in that he had held himself out and represented to the trade that he had such partnership, and plaintiff, relying upon such representation, extended credit to the firm and sold the goods for which the suit is brought. There was a jury and verdict for the plaintiff.

[1] As a general rule, facts are deemed relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference or shed light upon the matter contested; and facts bearing so remotely upon or collaterally to the issue that they afford merely a conjectural inference concerning the facts in issue should not be admitted in evidence. 1 Greenleaf on Evidence (15th Ed.) §§ 52, 448; First Nat. Bank v. Stewart, 114 U. S. 224, 5 Sup. Ct. 845, 29 L. Ed. 101; Steen v. Swadley, 126 Ala. 616, 28 South. 620; Langworthy v. Goodall, McLester & Co., 76 Ala. 325; Brewer v. Watson, 65 Ala. 88, 97; Sims v. Glazener, 14 Ala. 695, 48 Am. Dec. 120; Smith v. Causey, 28 Ala. 655, 65 Am. Dec. 372; Olds v. Powell, 7 Ala. 652, 655, 656, 42 Am. Dec. 605.

[2, 3] Whether evidence offered is too remote to be admissible is for the court, in the exercise of a sound discretion, and such ruling will not be revised on appeal unless it is plain that error was committed. 10 R. C. L. § 87, p. 926. However, where the competency of evidence is doubtful, the better practice is to allow the evidence to go to the jury, leaving them to determine its weight and credibility. Shannon v. Kinney, 1 A. K. Marsh. (Ky.) 3, 10 Am. Dec. 706. That is to say, if the evidence tends to prove a fact for determination by the jury, however slight the evidence may be, it is relevant, A. G. S. R. Co. v. Hill, 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; Rodgers v. Ricketts, 204 Ala. 184, 85 South. 486.

[4] On cross-examination of a witness any fact may be elicited that tends to show bias, interest, or partiality, or that tends to impeach or illustrate the accuracy of the witness' statements or memory. Stone v. State, 208 Ala. 50, 93 South. 706; Johnson v. State, 199 Ala. 255, 74 South. 366; Tapscott v. State, 18 Ala. App. 67, 88 South. 376.

[5] Greater latitude is permissible on cross-examination than on the direct examination of the witness, such as, in the sound discretion of the trial court, is necessary and tends to show bias, interest, partiality, sincerity, memory, accuracy, or credibility. An error in allowing a too great latitude must be clearly prejudicial to justify a reversal on appeal. Patton v. State, 197 Ala. 180, 72 South. 401; Johnson v. State, supra; Carson v. State, 128 Ala. 58, 29 South. 608; Marler v. State, 68 Ala. 580; Cox v. State, 162 Ala. 66, 50 South. 398; Ingram v. State, 67 Ala. 67; Lowman v. State, 161 Ala. 47, 50 South. 43; Stahmer v. State, 125 Ala. 72, 27 South. 311; Underhill on Criminal Evidence, § 222.

[6] Business association, employment, or indebtedness between witness and the party at interest may be shown on cross-examination in a proper case as tending to show bias, interest, or prejudice. Johnson v. State,

⚖️➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

supra; Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; Drum v. Harrison, 83 Ala. 384, 3 South. 715; Lodge v. State, 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23; Harrison v. State, 12 Ala. App. 284, 68 South. 532; Mason v. State, 12 Ala. App. 227, 67 South. 715; Stahmer v. State, supra; Cranford v. State, 16 Ala. App. 68, 75 South. 274; Hosey v. State, 5 Ala. App. 1, 59 South. 549; Johnson v. State, 15 Ala. App. 75, 72 South. 561. It is declared that it must be a strong case to justify a reversal for allowing too great latitude in cross-examination. Cox v. State, supra; Burger v. State, 83 Ala. 36, 3 South. 319; Ingram v. State, 67 Ala. 67, 68.

[7, 8] Assignment of error is rested upon refusal of the court to allow defendant to introduce in evidence rent notes for the store occupied by Sessions & Co. The defendant had immediately theretofore introduced as a witness Mr. Sessions, whose testimony tended to prove that the business at the town indicated was conducted by the witness Sessions, who rented the storehouse occupied from Mr. Sorrell, and gave him rent notes therefor. Witness stated that he had the rent notes; whereupon defendant offered to introduce the two notes in evidence. The plaintiff objected and the court said:

"It seems to me that collateral trades between them would not be evidence in the main issue in the case as to whether Sorrell was the owner of the property."

Defendant's counsel replied:

"It would show that he was in Sorrell's store. They might argue that he had no store. We want to show that he paid the rent."

The court sustained the objection. Continuing, witness said:

"I went into a store that belonged to Mr. Sorrell there in Saco. I used my own money in going into business. I had some money at that time."

Defendant's counsel asked the witness:

"Can you remember about how much you had?"

To this question objection was interposed, sustained, and exception reserved; and the witness replied:

"There was no money of Mr. Sorrell's used. Mr. Sorrell has not at any time, either before or since that time, been in partnership with me. I conduct that business in the name of J. A. Sessions. * * * Mr. Sorrell bought some goods from me during the time I was in business, and paid for them."

The court allowed the witness to state the fact that he had rented the store on his own responsibility. There was no error in the exclusion of the rent notes. If it be conceded that the rent notes were cumulative to the

statement of the witness as to the nature of his contract for rental of the store occupied by him at the time and place indicated, reversible error was not committed in the refusal to allow the inquiry prolonged by an ascertainment of the exact terms of the rental contract evidenced by the notes. So of the refusal of the court to permit the further cross-examination of the witness Sessions by the general inquiry, "Can you remember about how much you had?" Witness had testified that he used his own money in going into business; that he had some money at the time; that no money belonging to Mr. Sorrell was used.

[9] The witness Grider testified for defendant that he was the father-in-law of Mr. Sorrell, remembered when defendant went out of business before Mr. Sessions entered therein at said place, and had never seen Sorrell have anything to do with the management of the store while Mr. Sessions conducted it; that when Mr. Sorrell was in business he had bought goods from witness. Defendant's counsel sought to ask the witness:

"How much did he buy, Mr. Grider?" "Did he buy any considerable amount?" "Did Mr. Sorrell buy any considerable goods from you, Mr. Grider?"

The questions seeking to elicit the nature or extent of purchases by Sorrell from Grider were beside the issue.

[10-12] Assignment of error challenges the action of the court in allowing plaintiff to hand witness Scheuer a paper asking him, "Is that a copy of a letter you wrote yourself, to Mr. Sorrell?" The witness answered "Yes." Defendant moved to exclude the answer, the court declined, and exception was duly reserved. Witness further stated that he had mailed that letter himself; that "the first letter was addressed to J. F. Sorrell, Saco, Ala., and dated March 24th. I put that in the post office. It had sufficient postage to carry it to its destination, and the letter was never returned to me. My name was on the envelope." The letter was then introduced in evidence by the plaintiff. The presumption of the law is that a letter, properly addressed, containing sufficient postage, duly deposited for transmission in the mails of the United States, and not returned to the writer, whose address was indicated on the envelope, was received by the addressee thereon. Byars v. James, 208 Ala. 390, 94 South. 539; Corry v. Sylvia y Cia, 192 Ala. 550, 558, 564, 68 South. 891, Ann. Cas. 1917E, 1052. Defendant, in his direct and cross examinations, said that he had never received a letter or statement from plaintiff, making claim on him for the debt of or goods bought for J. A. Sessions. The carbon copies of said letters were introduced. This was after Sorrell had testified that he did not receive

them, and notice to produce would have been fruitless. The admissibility of secondary evidence is generally left to a sound discretion by the court, when the absence of the primary evidence is established and accounted for, within the rule having application to such evidence. Whitsett v. Belue, 172 Ala. 256, 264, 54 South. 677.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.