# Kirby *v.* The State.

## *Rape.*

(Decided May 9, 1912. Rehearing denied May 28, 1912.
59 South. 374.)

1. *Jury and Jurors; Venire; Service.*—The Jury Law (Acts 1909, p. 317) repeals other general laws in conflict with it, and so operates on Sec. 7840, Code 1907, as not to require the service of the venire and copy of the indictment upon the accused one entire day before the trial; it being sufficient if it be forthwith served.

2. *Statutes; Title; Sufficiency.*—The title of General Laws 1909, p. 305, commonly called the Jury Law, is sufficiently broad, under Section 45, Constitution 1901, to authorize the provisions in the body of the Act relative to the service of the venire and copy of indictment upon accused prior to the trial.

3. *Appeal and Error; Harmless Error; Remarks of Court.*—The erroneous remark of the court, when admitting the confession of the accused, that whether it was voluntary was a question for the jury to determine, was not prejudicial, where it appeared that the incriminating statement was voluntarily made.

4. *Evidence; Confessions; Question for Court.*—Whether a confession is voluntarily and therefore admissible, or involuntary and not admissible is a question for the court to determine before submitting the evidence to the jury.

5. *Indictment and Information; Offenses Included; Instructions.*—Where the indictment charged rape, and there was evidence not only of the accused guilt of rape, but also of assault and battery, and the court so instructed in his oral charge, a charge requested asserting that unless the evidence showed accused guilt of rape regardless of the lesser offense, he should be acquitted, was properly refused.

6. *Rape; Force; Actual or Implied.*—Where the offense was committed by force, either actually or legally implied, and against the consent of the woman assaulted, the offense was rape without reference to whether the defendant put the woman in fear of her life or great bodily harm.

7. *Same; Elements.*—The offense of rape is complete when the woman yields through fear and does not voluntarily consent to the intercourse, whether or not the apprehension of bodily harm is reasonable.

8. *Charge of Court; Misleading.*—In its charge on flight, the court used language susceptible of the construction that it was conceded that flight indicated a consciousness of guilt. On attention being called to the fact that the defendant claimed to have had good reason for flight, the court explained his charge, and stated that the defendant claimed good reason for his flight. This explanation robbed the charge of any misleading tendencies.

[Kirby v. The State.]

9. *Same; Misstating Evidence.*—It is proper to refuse a charge which singles out and misstates a part of the evidence upon which it bases an acquittal.

10. *Same; involved and Confusing.*—A charge which does not contain a statement of a legal proposition and is involved and confusing should not be given.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Arthur Kirby was convicted of crime, and he appeals. Affirmed.

The following charges were refused to the defendant:

"(1) The court charges the jury that, unless the defendant put the prosecutrix in fear of her life or of great bodily harm at his hands, the defendant would not be guilty of rape if the prosecutrix submitted and consented to the act of penetration.

"(2) The court charges the jury that in considering the evidence you may consider the absence of the efforts on the part of the prosecutrix to avoid the act, and unless there was such force, actual or constructive, as to overcome the resistance of the prosecutrix, you cannot convict the defendant of rape.

"(3) The court charges the jury that unless the evidence convinces you that the defendant used such force in taking the prosecutrix out of the buggy and bringing her back and forcing her or laying her on the laprobe as would constitute assault and battery, if the prosecutrix yielded her consent at any time before the act of penetration was complete, then the defendant would not be guilty of rape, but might be guilty of assault and battery."

"(7) If the jury believe from the evidence that the conduct of the prosecutrix was such towards the defendant at the time of actual penetration, if there was a penetration, as to create in the mind of the defendant the honest and reasonable belief that she had consented or

9 CA

was willing for defendant to penetrate her, they must acquit the defendant.

"(8) Before the jury can convict the defendant, they must believe from the evidence that the act must have been committed forcibly and against the consent of Annie Burt, the prosecutrix."

"(16) The court charges the jury that, before they can decide that the prosecutrix was under duress at the time of the commission of the alleged act, they must be satisfied from the evidence beyond a reasonable doubt that the conduct of the defendant towards her was such as to create in her mind such reasonable apprehension of death or bodily harm as to overpower her will."

LANCASTER & SMOOT, for appellant. The venire should have been quashed.—Acts 1909, p. 317; *Spicer v. The State,* 69 Ala. 159; *Washington v. The State,* 81 Ala. 35; *Sylvester v. The State,* 71 Ala. 17; *Bowen v. The State,* 119 Ala. 7. An omission to comply with the order of the court was fatal.—Section 7840, Code 1907; *Brown v. The State,* 128 Ala. 12; *Robinson v. The State,* 43 Ala. 328. The service should have been one entire day before the trial.—*Bain v. The State,* 70 Ala. 4.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The objection to the venire did not come within the statute, and the motion to quash was properly denied.—*Savage v. The State,* 57 South. 469; Acts 1909, section 29, p. 317. The confessions of the defendant were properly admitted.—*Bush v. The State,* 136 Ala. 85; *Stone v. The State,* 105 Ala. 60; *Washington v. The State,* 58 Ala. 61. When a question has been answered the objection comes too late.—*Coppin v. The State,* 123 Ala. 58; *Stowres F. Co. v. Brake,* 158 Ala. 639. Self serving dec-

larations were never admissible.—*Ferguson v. The State,* 134 Ala. 63. Charges 1, 3 and 16 were properly refused.—*Hooper v. The State,* 106 Ala. 41; *McGuire v. The State,* 84 Ala. 435.

PELHAM, J.—The appellant's motion to quash the venire because the court failed to comply with the requirements of section 32 of the jury law (Acts 1909, p. 317) is not supported by the recitals of the judgment entry set out in the record; but, on the contrary, the judgment entry shows that the defendant and his counsel were present in open court on November 13th, when the order of the court was made fixing the number of jurors to constitute the venire for the trial of the case and setting the case for trial on November 15th.

The court's order that the venire and a copy of the indictment should be served forthwith on the defendant is in strict compliance with the statute, and the judgment entry recites that the order of the court was complied with. The present jury law provides (section 32) that "a list of the names of all the jurors summoned for the week in which the trial is set and those drawn as provided by this section, together with a copy of the indictment, shall be forthwith served on the defendant by the sheriff, and the defendant shall not be entitled to any other or further notice of the jurors summoned or drawn for his trial, nor of the charge or indictment upon which he is to be tried." This law being a general law, it repeals all other general laws that may be in conflict with it.—*Patterson v. State,* 171 Ala. 2, 54 South. 696), and consequently so operates on section 7840 of the Code, with which it is in conflict, and it is therefore not a requisite of the law now in force that service of copies of the venire and indictment must be made on the defendant one entire day before the case is set for trial

(*Welch v. State,* 1 Ala. App. 144, 56 South. 11.)   It
would not appear that any constitutional right to have
a copy of the accusation against him was withheld from
the defendant, as the judgment entry shows that the
court on November 13th, the day the case was set for
trial, ordered the jury lists and a copy of the indictment
to be served on the defendant forthwith, and that this
order was complied with, and that the defendant was
not arraigned for trial until the second day thereafter,
or November 15th.

There is no merit in the contention of the appellant's
counsel that section 32 of the present jury law (Acts
1909, p. 317) is violative of section 45 of the Constitu-
tion.   The act in question relates to the jury system of
the state, as indicated by its title, and the provisions of
section 32 are clearly germane to the subject-matter of
the act as indicated by its title.

The propositions above discussed are the only mat-
ters argued by counsel for appellant in brief, but we
have considered all of the rulings on the evidence, and
find no error prejudicial to the defendant in any of
them.   The court, in admitting in evidence a confession
or incriminating statement made by the defendant, er-
roneously stated that whether or not such a statement
is voluntary is a question for the jury to pass upon; but
no injury resulted to the defendant from this statement,
as the confession or incriminating statement was shown
to have been voluntary, and no objection or exception
was reserved to the remark of the court.

The evidence was properly admitted, but the reason
given by the trial judge in making the rulings, to the
effect that the Supreme Court had held that it was a
question for the jury to pass upon as to whether or not
a confession is voluntary, is erroneous. The admissibil-
ity of the proposed evidence is always a question for the

court.—*Jones v. State,* 156 Ala. 175, 47 South. 100; Fowler v. State, 170 Ala. 65, 54 South. 115; *Bradford v. State,* 104 Ala. 68, 16 South. 107, 53 Am. St. Rep. 24; 5th Mayfield's Dig. p. 184, § 12.

The oral charge, taken as a whole, is a fair statement of the law applicable to the case, and if there was any ground, in the first instance, for the objection made to that part of the charge in which the court charged upon flight, the court, upon having its attention directed to the language used being susceptible of the construction that flight indicative of a consciousness of guilt had been conceded, corrected and explained the charge given, and stated that it was the defendant's contention with reference to flight that he had "good reason" for the flight. The explanation could have left no other impression with the jury than that it was the contention of the defendant that the flight which he had admitted was not due to a consciousness of guilt.

Charge No. 1, requested by the defendant and refused by the court, does not state a correct proposition of law. If the act was committed by force, actual or legally implied, and against the consent of the woman, it would be rape, without regard to whether the defendant put the prosecutrix in fear of her life or great bodily harm in the accomplishment of his purpose.—*Herndon v. State,* 2 Ala. App. 118, 56 South. 85; *Lewis v. State,* 35 Ala. 380; *Harris v. State,* 2 Ala. App. 116, 56 South. 55.

Charge No. 2 singles out and misstates a part of the evidence, upon which an acquittal is predicated.

Charge No. 3 is involved and inconsistent, and not a succinct statement of any legal principle.

Charge No. 7 predicates an acquittal of every charge embraced in the indictment upon the statement of a condition which would only warrant an acquittal of the highest charge embodied in the indictment. While this

charge is apparently in substance the same charge as was approved in the cases of *McQuirk v. State,* 84 Ala. 455, 4 South. 775, 5 Am. St. Rep. 381, and *Allen v. State,* 87 Ala. 107, 6 South. 370, the question of the lesser offenses embraced in the indictment does not seem to have been under consideration in those cases; but in this case the evidence is such that the jury had before them, not alone the question of whether the defendant was guilty of rape, but also the question of whether he was guilty of a simple assault or an assault and battery, and the court in its oral charge charged at length on these offenses, and the charge in question is a positive instruction for an acquittal, unless the evidence is sufficient to show guilt of rape without regard to the lesser offenses, and the court cannot be put in error for its refusal.

Charge No. 8 is bad for the same reason assigned in discussing charge No. 7. This charge also uses the word "believe" instead of "convinced beyond a reasonable doubt."

Charge No. 16 uses the words "reasonable apprehension" as applied to the apprehension of bodily harm that would constitute duress. The offense is complete when the woman is made to yield through fear, and does not consent voluntarily (*Hooper v. State,* 106 Ala. 41, 17 South. 679), whether or not the apprehension of bodily harm is reasonable (*Waller v. State,* 40 Ala. 325).

No reversible error appears from an investigation of the record, and the case will be affirmed.

Affirmed.