# Brooks *v.* The State.

## *Rape.*

(Decided June 5th, 1913; Rehearing denied June 19th, 1913.
62 South. 569.)

1. *Rape; Evidence.*—The fact that the prosecutrix made complaint of the occurrence generally and the character of the complaints, together with the signs of injury shown by her, are proper to be proven in the first instance, before any attempt is made to impeach prosecutrix; but the state may not prove the details, or that the prosecutrix stated that any particular person assaulted her.

2. *Same; Similar Evidence.*—Where the defendant, on cross-examination of the prosecutrix, inquired into the particulars of the complaint made by her, evidence relating thereto was rendered admissible by both parties, and it was competent for the state to show that prosecutrix complained of being sick and of being nervous.

3. *Same.*—Where the defendant, on cross-examination of the prosecutrix, inquired into the particulars of the complaints made by her, and sought thereby to impeach her, it was competent for the state to show by one at whose home prosecutrix was boarding what her physical condition was, and that at the time the complaints were made she was nervous.

4. *Same; Assault with Intent; Desistence; Effect.*—One who makes an assault upon a female with intent to ravish her is guilty of an assault with intent to ravish, although he afterwards voluntarily desisted.

5. *Same; Evidence.*—The guilty intent of one charge with assault with intent to ravish may be drawn inferentially from the use of force, and the mere fact that he abandons his purpose after putting his hands forcibly upon the prosecutrix with the intent to ravish her will not relieve him from criminal responsibility.

6. *Same; Intent.*—The intent essential to constitute the crime of assault with intent to ravish need not exist at the very time the defendant forcibly or violently put his hands upon prosecutrix, but may have existed at another time during the assault testified to by the prosecutrix.

7. *Same; Instructions.*—Where the charge was assault with intent to ravish, an instruction using the term "this charge" in such a way as to refer to the accusation against the defendant, and predicating an acquittal on facts which do not justify an acquittal of assault or assault and battery, is properly refused.

8. *Witnesses; Sustaining or Impeaching.*—Where the defendant sought to impeach the prosecutrix by showing inconsistent statements, it was competent for the prosecution to sustain her by showing that her statements in making complaints corresponded with her testimony.

9. *Same; Cross-examination.*—It is proper to admit evidence on the cross showing the relations of the witness and the defendant, and tending to show bias, which impeaches a part of the testimony of the witness and tends to contradict the defendant.

10. *Same; Impeachment; Predicate.*—Where a proper predicate has not been laid therefor, it is not error to exclude evidence introduced to indirectly impeach a witness.

11. *Appeal and Error; Harmless Error; Evidence.*—Where a witness subsequently testifies to the same facts without objection, any error in ruling on such facts previously is rendered harmless.

12. *Evidence; Part Conversation; Telephone Message.*—Where it was admitted that a telephone message or conversation was had between two parties, and the issue was what was said, which was in dispute, it was competent for a witness to testify as to what she heard one of the parties to the conversation say during the same.

13. *Criminal Law; Verdict; Sustained by Evidence.*—Where a verdict is sustained by the evidence it will not be disturbed because, on appeal, the court would have arrived at a different conclusion, it being the province of the jury to weigh and determine the effect of the evidence and to pass upon the credibility of the witness.

14. *Same; Evidence; Burden of Proof.*—In passing on the guilt or innocense of the defendant the jury may consider the evidence offered by the defendant as well as that offered by the state, and if the evidence offered by the defendant tends to show guilt, it does not become necessary for the prosecution to show every fact necessary to show guilt.

15. *Charge of Court; Elements of Offense.*—A charge predicating a finding by the jury of the constituent elements of an offense as a necessary prerequisite to finding the defendant guilty, should define the elements, and failing therein may be properly refused.

16. *Same; Undue Prominence to Evidence.*—Charges which single out and give undue prominence to evidence or particular parts thereof, are properly refused.

17. *Same; Abstract.*—It is not encumbent on the court to charge upon issues which are not in the case being tried.

18. *Same; Ignoring Evidence.*—Charges which ignore the effect or tendency of a part of the evidence, or which single out and refer to a part of the evidence, and contains an instruction for a finding based only on that part, are properly refused.

19. *Same; Jury Question.*—A charge assuming as matter of law a fact for the determination of the jury is properly refused.

20. *Same; Reasonable Doubt.*—The jury need only be satisfied of guilt beyond a reasonable doubt, and a charge requiring full proof of guilt is properly refused, notwithstanding to satisfy the mind of a fact it must be relieved of all doubt.

21. *Same; Covered By Those Given.*—Instructions once given need not be repeated, and hence a court will not be put in error for refusing charges substantially covered by written charges given.

[Brooks v. The State.]

22. *Same; Argumentative.*—Charges should not be used as the vehicles for argument to the jury and the court will not be put in error for refusing such instructions.

23. *Same; Phases of Evidence.*—The court will not be put in error for refusing charges that direct the attention of the jury to particular phases of the evidence.

24. *Same; Assuming Facts.*—Where facts are in dispute, charges which assume such facts as true or proven are properly refused.

25. *Same; Misstating Evidence.*—A charge based upon portions of the evidence and which misstates parts of the evidence is properly refused.

APPEAL from Madison County Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Percy E. Brooks was convicted of an assault with intent to commit rape and he appeals. Affirmed.

The facts sufficiently appear from the opinion. The following are the charges complained of by the defendant and referred to in the opinion, as essential to be set out: 5. If you believe from the evidence that the defendant placed his hand or hands on the person of Martha Ormond, but did not make any threats against her, nor attempt any coercion against her, nor do anything calculated to put her in terror, and finding out she would not consent to yield to him, he desisted, then you cannot find the defendant guilty of an assault with intent to rape. 6. Although you may believe from the evidence that the defendant put his hand or hands on the person of Martha Ormond, intending to have sexual intercourse with her, yet before you can find him guilty of an assault with intent to rape, you must believe beyond a reasonable doubt from all the evidence, that at the time he put his hands upon her that he intended to have sexual intercourse with her, against her will and without her consent and by force. 17. I charge you that if the evidence raises a mere suspicion that the defendant intended to have carnal knowledge of Martha Ormond without her consent and by force, then you

should acquit him of this charge. A. A man may embrace a woman without her consent and still not be guilty of an assault with intent to rape. If her conduct at the time is such as to create the reasonable belief in the mind of the man that she is willing to submit to his embraces, then he has the right to act on such appearances, and if he does so under the honest belief that he is doing nothing objectionable to her, he thereby commits no assault to rape. C. If from the evidence you do not believe the defendant had any intention to forcibly ravish Martha Ormond, at the time he put his hands upon her, if you believe he put his hands on her, but that he was simply trying to persuade her to have sexual intercourse with him, and from the evidence you believe the defendant did nothing more, you cannot convict him of an assault with intent to rape. D. I charge you that before you can convict the defendant of an assault with intent to rape you must be satisfied that when he laid hold of the prosecutrix, if he did lay hold of her, he not only desired to gratify his passion on her, but intended to do so at all events, nothwithstanding any resistance on her part. E. I charge you that even though force was used, yet if Brooks desisted upon resistance of the prosecutrix and not because of an interruption, it cannot be said that his intention was to commit rape. 21. I charge you that the consent of a woman may be implied as well as expressed, and if her conduct towards the defendant at the time of the alleged assault and before, was such as to create in his mind the honest and reasonable belief that she had consented, then the jury cannot convict the defendant. 24. A man may embrace a woman without her consent and still not be guilty of an assault. If her conduct at the time is such as to create the reasonable belief in the mind of the man that she is willing to submit to

his embraces then he has the right to act on such appearances, and if he does so under the honest belief that he is doing nothing objectionable to her, he thereby commits no assault. 26. Practically same as 21. 38. You may look to the prior intimate relations between the prosecutrix and the defendant to show that he had reason to believe that she would consent. 40. Same as 38. 43. Same as 21.

LANIER & PRIDE, and R. E. SMITH, for appellant. Proof of complaint should be confined to a mere complaint, and the prosecutrix should not be permitted to go into detail.—*Scott v. State*, 48 Ala. 420; *Griffin v. State*, 76 Ala. 29; *Bray v. State*, 131 Ala. 46; *Posey v. State*, 143 Ala. 54; *Gaines v. State*, 52 South. 643. It therefore follows that the testimony of witnesses as to the bruises on her person, as to her back hurting her, etc., were improperly admitted. They were, furthermore, hearsay.—*Thompson v. State*, 122 Ala. 12. A witness may not be permitted to state undisclosed intentions or secret reasons for doing or failing to do a particular thing.—*Burke v. State*, 71 Ala. 382; *Moses v. State*, 7 South. 101; *Smith v. State*, 142 Ala. 609. It is incompetent to show that the officers went out to see the prosecutrix.—*Green v. State*, 96 Ala. 29. Miss Latham was permitted to state facts not within her knowledge, and which were her mere conclusions. —*Vaughan v. State*, 130 Ala. 18. Charges 1, 2, 25, 30, 31, 34 and 35 should have been given.—*Lewis v. State*, 35 Ala. 380; *Jones v. State, supra; Toulet v. State*, 100 Ala. 72; *Brown v. State*, 118 Ala. 111; *White v. State*, 103 Ala. 74; *Bell v. State*, 2 Ala. App. 150; *Parker v. State*, 5 Ala. App. 64. Charges 5, 6, 7, 10, 11, 13 and 17 should have been given.—*Marshall v. State*, 14 Ala. 411; *Jones v. State, Supra.* Charges A, B. F, 18, 21,

24, 26 and 43 should have been given.—*Allen v. State,* 87 Ala. 107; *McQuirk v. State,* 84 Ala. 435; *Jacoby v. State,* 133 Ala. 1. Charges 9, D, ZZ and 22 should have been given.—*McNair v. State,* 53 Ala. 455; *Toulet v. State, supra.* Charge C should have been given.—Authorities supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in the organization of the jury.—*Gresham v. State,* 1 Ala. App. 220. There was no error in the admission of evidence of complaint.—*Leoni v. State,* 44 Ala. 110; *Barnett v. State,* 83 Ala. 40; *Gaines v. State,* 167 Ala. 70. The prosecution had a right to explain the reason for delay.—*Jacoby v. State,* 133 Ala. 1. Defendant's intention was one of the ingredients of the offense.—*McQuirk v. State,* 84 Ala. 435; *Dudley v. State,* 121 Ala. 4. The letters were properly admitted.—*Wall v. State,* 2 Ala. 157. The evidence was conflicting, and the affirmative charges could not have been given. Charge 5 was properly refused.—*Dudley v. State, supra.* Counsel discuss other charges, but without further citation of authority.

PELHAM, J.—The defendant was convicted of an assault with intent to ravish, and it is earnestly insisted for the appellant that the evidence before the court would not authorize a finding of guilt of this offense by the jury; but we are of the opinion, after a careful examination of the evidence set out in the transcript, that the facts before the jury, principally the testimony of the prosecuting witness (a single woman), were sufficient to authorize the jury to reach the conclusion that the defendant assaulted the prosecutrix with the intent forcibly to ravish her. In our opinion no proper or

beneficial purpose could be served by setting out facts of this kind and entering into a detailed discussion of evidence of this character.

The defendant, a married man (a fact well known to the prosecutrix, who was on the same social plane with him), did not deny being with her on the occasion in question testified to by her, nor did he deny having made improper advances to her at this time and place, and having put his hand upon her person for the avowed purpose and with the intent of having unlawful sexual intercourse with her; but his purpose and intent, according to the contention of the defendant, was not to force her against her consent, but to persuade her to willingly submit to him—to have unlawful sexual intercourse with her by her consent. Part of the defense, as developed upon the trial, rested upon the claim made by the defendant that the woman by her conversation and conduct prior to, and at the time of, the alleged offense committed by him, had led him to believe that she would be willing to submit to his embraces. The evidence introduced of this nature in support of such claim showed no more than that this unmarried woman, who was an intimate friend of a niece of the defendant's, who lived in his home, had on a few occasions been not altogether as circumspect and discreet in her conversation with the defendant as propriety would approve in one of her station in life. Evidence was also introduced in support of the defendant's claim in this particular having a tendency to show that the conduct of the prosecutrix subsequent to the alleged offense did not comport with the indignation and wounded sensibilities that would be natural to a young unmarried woman who had been subjected to such treatment as she claimed to have received at the hands of the defendant on the occasion she alleged he had attempt-

ed to forcibly ravish her. There was also testimony going to show that, after vigorous protest and resistance upon the part of the woman, the defendant voluntarily desisted from gratifying his lustful desires when accomplishment of this imputed and acknowledged purpose was possibly or reasonably attainable.

The first proposition discussed by counsel for the defendant in extensive brief filed has reference to the testimony admitted by the court of complaint having been made by the prosecutrix. It is contended that the evidence was not confined to what it is permissible to prove in the nature of a general complaint, but that the prosecutrix and other witnesses to whom the complaint was made were allowed to testify to the details of the complaint against the defendant's objection. It has been uniformly and repeatedly held in this state that it is permissible to prove in the first instance before the defendant has brought out the particulars or undertaken to impeach the prosecuting witness only that the woman on whom the assault is alleged to have been committed made complaint of the occurrence generally, and that the state is not privileged to prove any of the details or that she stated in the complaint that any particular person assaulted her.—*Bray v. State,* 131 Ala. 46, 31 South. 107; *Oakley v. State,* 135 Ala. 15, 33 South. 23; *Gaines v. State,* 167 Ala. 70, 52 South. 643. But it has been held that it is competent to prove, not only the complaint, but also its character (*Leoni v. State,* 44 Ala. 110, 113), and that, "of course, it is competent to prove whatever circumstances and signs of injury she showed."—*Scott v. State,* 48 Ala. 420, 421. On the direct examination of the prosecuting witness the solicitor brought out only the facts that she had made complaint generally to certain named parties, and had showed to her sister (one of the parties to whom complaint had

been made) the bruised places on her person. This was permissible, and does not violate the recognized rule of law under the authorities last above cited. In the case of *Leoni v. State, supra,* it was held allowable for the purpose of proving the complaint and its character to show that the prosecutrix not only had showed bruises on her arms and legs to the person to whom she had made complaint, but had exhibited a soiled and blood-stained garment in the same connection, although the learned judge rendering the opinion of the court in that case expressed grave doubt and suspicion of the fairness and truthfulness of the girl's statement because of the conditions and circumtsances under which it was made.—See, also, *State v. Baker,* 106 Iowa, 99, 76 N. W. 509; *State v. Peterson,* 110 Iowa, 647, 82 N. W. 329; *Jacobs v. State* (Tex. Cr. App.) 146 S. W. 558.

When the defendant inquired into the particulars of the complaint on cross-examination, the evidence relating thereto was rendered admissible by both parties, and the introduction by the defendant of evidence seeking to impeach the prosecutrix opened the door for the introduction of evidence by the state to sustain the prosecutrix by showing that her statements in making the complaint corresponded with her testimony on the trial. *Griffin v. State,* 76 Ala. 29; *Barnett v. State,* 83 Ala. 40, 3 South. 612. Even if the testimony of the parties to whom complaint was made, to the effect that the prosecutrix complained of being sick, that her back pained her, and of nervousness, etc., can be said to be in violation of the established rule relating to what may be proven in the first instance, this evidence was nevertheless permissible, for it was introduced after the defendant had inquired into the particulars of the complaint on the cross-examination of prosecutrix for the evident purpose of impeachment, and subsequently the defend-

ant and other witnesses were introduced by the defense for the purpose of impeaching the prosecutrix in regard to the complaint made.—*Barnett v. State,* 83 Ala. 40, 3 South. 612; *Griffin's Case* and *Barnett's Case, supra.*

It was not improper to allow the witness, Mrs. Latham, at whose house the prosecutrix was boarding, to state what the physical condition of the prosecutrix was, and to testify that at the time the complaint was made prosecutrix was "nervous."—*Sims v. State,* 146 Ala. 109, 41 South. 413.

The defendant brought out the fact in the cross-examination of the prosecutrix that she did not swear out a warrant charging the defendant with the crime until Saturday, December 14, 1912, showing a lapse of time since the alleged commission of the offense on Saturday night, October 12, 1912 (as testified to on the direct examination), of a day or two over two months. This delay in making the formal charge brought out on the cross-examination of the witness by the defendant was material as affecting the weight and credibility of the testimony of the prosecutrix, and of the bona fides of the charge made by her, and it was therefore proper for the court to allow the witness to make an explanation of the delay, and give the reasons why she did not make the affidavit earlier. In making the explanation and giving the reasons, it was permissible for the prosecutrix to state her mental status in this connection and give the reasons producing it, for otherwise it would not be possible to meet the attack made. By bringing out this fact the defendant assails the motive actuating the prosecutrix, and this can only be met and answered by showing her mental status, her undisclosed motives or intentions, and what operated on her mind to produce them and cause the delay.—*Jacobi v. State,* 133 Ala. 1, 32 South. 158. It was proper to accord the state the

opportunity to rebut the unfavorable inferences that might be drawn from the prosecutrix's conduct in delaying by explaining the circumstances causing it.—*Pitman v. State,* 148 Ala. 612, 42 South. 993. For the purpose of rebutting any unfavorable inference arising out of the delay, the prosecutrix may state the reasons why she did not act earlier.—*Polson v. State,* 137 Ind. 519, 35 N. E. 907; *People v. Ezzo,* 104 Mich. 341, 62 N. W. 407; *People v. Mayes,* 66 Cal. 597, 6 Pac. 691, 56 Am. Rep. 126; *State v. Knapp,* 45 N. H. 148; *State v. Wilkins,* 66 Vt. 1, 28 Atl. 323; *People v. Marrs,* 125 Mich. 376, 84 N. W. 284; *State v. Bebb,* 125 Iowa, 494, 101 N. W. 189.

The court properly permitted the state to cross-examine the defendant's witness Susie Mae Rountree in regard to the undelivered letter written by her to the prosecutrix. This evidence had a tendency to show the relations existing between the parties, to show bias and to impeach a portion of the testimony of this witness, and to contradict the defendant.

That part of the answer of the defendant in reference to a conversation between him and the prosecutrix about a Miss Hallie's riding astride that was excluded by the court is shown by the bill of exceptions to have been a voluntary statement by the witness, and not responsive to the question asked, and the court cannot be put in error for excluding it. The witness was afterward allowed to narrate everything on this subject that took place in the conversation he was asked about, and subsequently testified about the matter excluded without objection.

The fact that a Miss Latham and others went to Huntsville with the defendant in his automobile at a time subsequent to the alleged assault had no tendency to prove the issues before the court. It was an indirect

attempt to impeach a witness without laying a proper predicate. The prosecutrix was not shown to have been in any way connected with this matter, and the action of the court in refusing to permit this fact to be proved was free from error.

The testimony of the witness Mattie Lee Latham that the person to whom the prosecutrix was talking over the telephone was her friend Susie Mae Roundtree was properly allowed to go to the jury. The witness testified that "Susie Mae" was the only person the prosecutrix ever talked to over the party-line telephone used on that occasion. She was present and heard the conversation of the prosecutrix with the person on the other end of the line, was well acquainted with both parties, lived in the house with the prosecutrix, and testified that she knew the prosecutrix was talking with her friend "Susie Mae"—that she knew this, that she could tell from the conversation she heard. There was other evidence showing that the conversation in question was between the prosecutrix and the person designated by the witness. The fact that the telephone conversation was had by the parties was admitted, and it was only what was said that was a matter in dispute or an issue in the case, and it was competent for the witness to testify to what she heard one of the parties say on this occasion when it was uncontradicted that the conversation between them had taken place.—*W. U. Telegraph Co. v. Saunders,* 164 Ala. 234, 51 South. 176, 137 Am. St. Rep. 35.

In different charges in varying language the defendant asked written instructions to the effect that, if the jury believed the evidence, they could not find defendant guilty, or must acquit the defendant of an assault with intent to rape. From the argument and brief of counsel it appears that the principal contention along

[Brooks v. The State.]

these lines rests upon the idea that there could be no proper conviction for the highest degree of crime included in the indictment, because a survey of the entire testimony leads to the reasonable conclusion that the force used was only for the purpose of bringing about an acquiescence upon the part of the woman and to obtain her consent to permissive intercourse. It is argued that a conclusion of the defendant's guilt of an assault with an intent to rape cannot be drawn from the whole evidence where there is some evidence of the prior conduct of the prosecutrix that might give color to the honest belief on the part of the defendant that she would assent, when the evidence also shows that the defendant desisted from his purpose voluntarily under circumstances when its accomplishment was possibly or even probably attainable. The desistance, according to the testimony of the prosecutrix, was only after her strenuous resistance, louder crying, and prayers to the Almighty to save her; and, while this proof that the defendant voluntarily desisted from the pursuit of his purpose to carnally know the prosecutrix is a circumstance which should be accorded much weight by the jury in determining the truth of the charge preferred, yet what credence and weight they give to the evidence is a matter entirely for the jury, and if they find from the evidence that the defendant committed an assault upon the prosecutrix with intent to ravish her, although he afterwards voluntarily desisted, he would nevertheless be guilty of an assault with an intent to commit rape.—1 Mayfield, Dig. p. 88, § 1, subd. 3, citing *Lewis v. State,* 35 Ala. 380. The proposition is thus stated in the text of Cyc.: "If the accused had at any time during the assault the actual intent to accomplish his purpose in defiance of any resistance the woman might make, he is guilty of assault with intent to commit rape, and the

19 CA

subsequent abandonment of his purpose is no defense."
—33 Cyc. 1436. See, also, authorities cited in footnote
65 in support of the text.

We think the evidence, although in some respect un-
satisfactory and equivocal perhaps, yet affords sufficient
facts from which the jury could infer that an assault on
the person named in the indictment was made by the
defendant with the intent to ravish her before desist-
ance, and the charges above referred to instructing the
jury that they could not find the defendant guilty of
an assault with intent to rape were properly refused.
Although evidence may be in some particulars conflict-
ing and equivocal, it is nevertheless a question for the
jury. The trial court, or this court on review of a find-
ing made by the jury on the evidence, may not usurp the
province of the jury in weighing the evidence and pass-
ing upon the credibility of the witnesses; and, if the evi-
dence affords sufficient inferences to support the finding
of the jury, it should not be overthrown and held for
naught simply because the judges reviewing the finding
on the evidence possibly, or even probably, would arrive
at a conclusion different from that of the jury. This
duty does not rest upon the reviewing court and is not
to be included in its functions; it is entirely within the
province of the jury, upon whom alone the responsibil-
ity rests. In the case of *Jacobi v. State,* 133 Ala. 1, at
page 17, 32 South. 158, at page 163, it was said by Mc-
Clellan, C. J., speaking for the court in a case where
the charge was the same as that under consideration
here and the facts disclosed were somewhat similar:
"That there was evidence before the jury tending to
support every material allegation of the indictment there
can be and is no sort of doubt; and for the court below
to have given the affirmative charge requested by the
defendant would have been a most palpable and flagrant

invasion of the right and exclusive province of the jury to pass upon the sufficiency of this evidence."

Charge No. 35 in effect refers to the jury a question of law. It predicates a finding by the jury of the constituent elements and ingredients of the offense charged as a necessary prerequisite of their finding against the defendant, without defining what these elements and ingredients are.—*Whatley v. State,* 144 Ala. 68, 39 South. 1014; *Andrews v. State,* 159 Ala. 14, 48 South. 858.

The charge is also faulty and misleading in requiring the state to show by the evidence every fact necessary to establish the defendant's guilt when the jury would be authorized to consider the evidence introduced in behalf of the defendant in this connection also. It is not error to refuse a charge that predicates a finding by the jury on the state's evidence alone and not upon the whole evidence.—*Stallworth v. State,* 155 Ala. 14, 46 South. 518. See, also, *Welch v. State,* 156 Ala. 112, 46 South. 856; *Davis v. State,* 165 Ala. 93, 51 South. 239; *Grand v. State,* 97 Ala. 35, 11 South. 915. It not infrequently happens that the evidence introduced by the defendant weighs heavily with a jury in establishing the defendant's guilt, and a charge withdrawing part of the evidence from the consideration of the jury and predicating a finding only on that part included should be refused.

Refused charge No. 5 singles out and gives undue prominence to a part of the evidence. It also has a misleading tendency to offend a recognized rule of law applicable to that part of the testimony going to show that the defendant undertook to accomplish the act by force of a violent nature.

The guilty intent may be inferentially drawn from the use of force of this character.—*Dudley v. State,* 121 Ala. 4, 25 South. 742. Nor would the fact of desistance

under the conditions predicated be sufficient to authorize the court to charge as a matter of law that the defendant was not guilty of the offense charged; for anything to the contrary predicated in the charge the defendant violently put his hands forcibly on the prosecutrix for the purpose and with the intent of ravishing her and afterwards abandoned his purpose.

The substance of charge No. 6 is given in charge No. 8. This charge also restricts and limits the intent necessary as an ingredient of the crime to the time of the defendant's putting his hands upon the prosecutrix. As referred to the evidence in this case, the intent may have existed at another time during the transaction or assault testified to by the prosecutrix than just at the time the defendant placed his hands upon her (as testified to by him), and if so, and if the jury so determined in considering this evidence, then he would nevertheless be guilty of the intent necessary as an element of the crime, notwithstanding the defendant did not have the intent at the particular time predicated.

Charge No. 7 is substantially the same as given charge 20.

Charges 10 and 11 wherein they are not argumentative or abstract are covered by the given charges. No duty rested upon the court to define or charge upon what constituted an attempt, as no inquiry involving that matter was before the court on the controverted issues of this case. Counsel for defendant in brief practically concede that the defendant is guilty of an aggravated assault in an attempt to have sexual intercourse with the prosecutrix, the controverted question being whether or not the assault was committed with an intent to ravish, and this phase of the charges is fully covered by the given charges.

[Brooks v. The State.]

Charge 13 is argumentative. The legal principle embodied is covered by charge 8.

Charge 17 is faulty and misleading, in that it does not exclude the idea of the evidence raising more than a mere suspicion. The charge ignores the effect or tendency of a part of the evidence.—*Rigsby v. State,* 152 Ala. 9, 44 South. 608. It does not state if the evidence raises no more than a mere suspicion, but only if it raises such a suspicion. The instruction might well have been refused for its confusing tendency. "This charge," as used in it, may be taken to have reference to the charge upon which the defendant was on trial, which included an assault and assault and battery, and the predicate upon which an acquittal is based would not authorize an acquittal of the lesser offenses included in the indictment.—*Kirby v. State,* 5 Ala. App. 128, 59 South. 374.

Charge A is both misleading and argumentative. The "right" to act under the circumstances and conditions predicated is not a right known to the law. Charges which assume as a matter of law questions which are for the determination of the jury are properly refused. —*C. of G. Ry. Co. v. Hyatt,* 151 Ala. 355, 43 South. 867.

Charge B is covered by the given charges.

Charge C can be construed as singling out and referring to a part only of the evidence, and contains an instruction for a finding by the jury based only on that part and ignoring other evidence. A charge is bad if not predicated upon a consideration of all the evidence. —*Welch v. State,* 156 Ala. 112, 46 South. 856; *Hosey v. State,* 5 Ala. App. 1, 59 South. 549. The intent to ravish as a criminal ingredient is limited to the time the defendant put his hands on the prosecutrix as testified to by him. The charge also accentuates a part or phase of the evidence, and singles out that part for special

consideration.—*L. & N. R. R. Co. v. Price,* 159 Ala. 213, 48 South. 814; *Hosey v. State,* 5 Ala. App. 1, 59 South. 549.

Charge D requires full proof of guilt. The jury is not required to be satisfied absolutely and without qualification, but only to be satisfied beyond a reasonable doubt. To satisfy the mind of a fact, it must be relieved of all doubt or uncertainty, and this is not required. —*Torrey v. Burney,* 113 Ala. 496, 504, 21 South. 348; *Bones v. State,* 117 Ala. 138, 23 South. 138; *Prince v. State,* 100 Ala. 146, 14 South. 409, 46 Am. St. Rep. 28. The charge is misleading, in that it fails to hypothesize whether the gratification of passion was with or without consent, and limits the time that the guilty intent may be found to exist to the time when the defendant laid hands upon the prosecutrix.

Charge E needs no discussion, after what we have said, to point out its infirmities.

Charge F predicates a finding by the jury on facts constituting only a part of the evidence introduced in reference to the same matter, thereby withdrawing from the consideration of the jury the whole evidence on that subject.

Charge 18 is more than covered by given charge 27.

Charge 21 erroneously authorizes an acquittal of every charge embraced in the indictment on the facts predicated. As correctly limited to an acquittal of assault with intent to ravish, the principle involved appears in given charge 27.

Charge 24 is argumentative. It is also bad in stating that the law recognizes the right therein asserted, as pointed out in demonstrating that the court's action in refusing charge A was free from error.

Charges 26 and 43 are properly refused for the reasons assigned in discussing charge 21.

[Burton v. The State.]

Charge 22 is bad for the reasons given in passing on charge 6.

Charges 38 and 40 are faulty in assuming that prior intimate relations existed between the parties. The court cannot be required to give a charge directing the attention of the jury to any particular phase of the evidence. Nor was the fact assumed justified by the evidence.—*Malchow v. State*, 5 Ala. App. 99, 59 South. 342.

These charges single out and misstate that part of the evidence upon which they are based.—*Kirby v. State*, 5 Ala. App. 128, 59 South. 374.

We have discussed all the assignments of error that are insisted upon and argued, or barely stated as insisted upon, in brief of counsel, and have examined the record with reference to all other questions presented. Our investigation and consideration of the case presented on the transcript shows no reversible error, and the judgment of the court below will be affirmed.

Affirmed.