# Harvey v. The State.

## Murder.

(Decided November 14, 1916.  73 South. 200.)

1. **Indictment and Information; Sufficiency; Means.**—Under §§ 7132, 7161, Code 1907 (Form 76), an indictment on which defendant was convicted of manslaughter in the first degree, which alleged that deceased was killed "by striking her with a stick" was sufficient.

2. **Trial; Argument of Counsel.**—The argument of the solicitor examined and held merely to allude to an historical fact by way of illustration, and hence not to be prejudicial.

3. **Homicide; Means.**—If defendant struck deceased on the head with a stick, the blow need not have been the sole efficient cause of death, but if it

. [Harvey v. The State.]

was only a partial cause accelerating the death of deceased, defendant would have been nevertheless guilty.

4. **Same; Instructions; Intent.**—A charge that if defendant had no specific intent to kill deceased, he could not be convicted of murder in either degree, nor of manslaughter in the first degree, was properly refused because hypothesizing an acquittal in either of the degrees mentioned upon a finding by the judge of a lack of specific intent to kill.

5. **Same; Dependent; Instruction.**—A charge that the element of murder "as I have given to you" must be shown by the evidence beyond a reasonable doubt before defendant can be convicted, being dependent upon another charge, either oral or written to complete its sense, was so involved and likely to confuse and mislead, that the court could not be put in error for refusing it.

6. **Charge of Court; Double Negative.**—A charge asserting that if the jury believe that the state had not shown that the death of deceased did not result from the alleged blow, it could not convict defendant was properly refused as employing a doubt negative, charging diametrically opposite to what was evidently intended.

7. **Same; Submitting Question of Law.**—A charge that if the jury have a reasonable doubt of any essential element of unlawful homicide, they could not convict, was properly refused as submitting a question of law to the jury.

8. **Same.**—A charge leaving it to the jury to say what were the material averments of the indictment, and whether they were proven as required by law, was properly refused as submitting a question of law to the jury.

9. **Same; Form.**—A charge asserting that if, from the evidence there arose two theories, one consistent with defendant's innocence, and the other with his guilt, the jury should adopt the theory of innocence, was not only misleading but invasive of the province of the jury.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Tom Harvey was convicted of manslaughter, and he appeals. Affirmed.

The following argument of the solicitor was objected to:

Gentlemen of the jury, you cannot always rely upon proof of good character in determining the guilt of defendant charged with a crime. Many a man who has enjoyed the confidence and respect of his fellow citizens for long years has suddenly, or in a moment of rashness, committed some crime, and thereby shown himself unworthy of their confidence. In the early history of this country, you know, gentlemen of the jury, that Benedict Arnold was trusted and esteemed by his government and his countrymen as a man of excellent character, and was honored by all for his distinguished conduct on many a hard-fought field of honor, but in an hour of rashness, temptation, and weakness he became a traitor to his country.

[Harvey v. The State.]

The following charges were refused to defendant:

(6) If you believe that defendant had no specific intent to kill deceased at the time she was injured, he could not be convicted of murder in either degree nor of manslaughter in the first degree.

(9) Appears in the opinion.

(8) If the jury believe from the evidence that the state had not shown by the evidence beyond a reasonable doubt that the death of deceased did not result from the alleged blow, you cannot find defendant guilty.

(4) If you have a reasonable doubt as to the existence from the evidence of any essential element of unlawful homicide, you should find defendant not guilty.

(5) Defendant is not required to introduce any proof until the state has introduced evidence to establish all the material averments of the indictment. If the state has failed to prove each of said averments as required by law, defendant is entitled to a verdict of not guilty.

(6a) If, all the evidence, there arises reasonably in your minds two theories, one consistent with defendant's innocence, and the other with his guilt, it is your duty to adopt the theory of innocence rather than that of guilt.

(7) Substantially same as 6a.

ALLEN, BELL & SADLER, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Attorney General, for the State.

EVANS, J.— (1) Defendant was convicted of manslaughter in the first degree, and appeals. Appellant's first insistence is that the trial court erred in overruling his demurrers. These went to the question of definiteness and certainty in the allegation of means by which death was effected, to wit, that deceased was killed "by striking her with a stick." A similar insistence was made in *Johnson's Case*, 183 Ala. 79, 84, 63 South. 163, 164. The court said: "There are many kinds of knives, sticks, and stones, some of which are not considered weapons; but under the laws of this state indictments which charge murder with a 'knife,' 'stick,' or 'stone,' without further particularizing the instrument, are sufficient. An indictment which properly charges murder by means of a certain instrumentality is sufficient if it specifies the instrumentality by its generally accepted name."

[Harvey v. The State.]

Code, § 7132, declares the Code forms of indictment to be sufficient in all cases to which they are applicable, and "in other cases, forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit." The form prescribed for manslaughter in the first degree, in describing the instrumentality employed in effecting death, uses the phrase as in the instant case, "by striking him with a stick;" and the form in murder (section 7161, No. 76) employs the phrase, "by striking him with an iron weight." We do not think there was any merit in the demurrers.

(2) It is next insisted that the court erred in not excluding the remarks of the solicitor in his argument to the jury to which exception was seasonably reserved and a motion made to exclude. The allusion of the solicitor was to an historical fact used arguendo to illustrate his point. We do not think its recitation prejudicial error.—*Cross' Case,* 68 Ala. 476, 482, 483; *Childress' Case,* 86 Ala. 77, 86, 5 South. 775; 12 Cyc. 575 (v).

(3) Counsel argue at some length that the deceased was a sickly, delicate woman, and that the state failed to show that the blow inflicted by defendant was the cause of her death. The state's testimony, as given by Mamie Zeigler, an eyewitness, was to the effect that defendant struck deceased over the head with a piece of green stovewood; that immediately deceased sank to the ground and presently stretched out unconscious, remaining so for some time. This was about 1 o'clock p. m., and the deceased died the following day at about 7 a. m. While it would appear that the blow on the head was the sole efficient cause of death, it need not have been; even if it was only a partial cause or contributing factor that accelerated her death, defendant would, in the eyes of the law, have been none the less guilty.— *Tidwell's Case,* 70 Ala. 33, 45; *Winter's Case,* 123 Ala. 1, 11, 26 South. 949; *McDaniel's Case,* 76 Ala. 1; *Daughdrill's Case,* 113 Ala. 7, 34, 21 South 378.

Several written requests to charge were refused to appellant. We treat them seriatim as they appear in appellant's assignments of error.

Charge No. 1 (assignment 3) was the general affirmative charge and properly refused.

(4) Charge No. 6 (assignment 4) hypothesized an acquittal of murder in either degree and manslaughter in the first degree upon the jury's finding a lack of a "specific" intent to kill. In

*Daughdrill's Case, supra* (charge 10), McCLELLAN, C. J., said: "Charge 10 refused to the defendant is an effort to add qualifications or characteristics to the intention to kill, necessary in murder in the first degree, which could tend only to confuse and mislead the jury. There is no necessity or occasion for requiring the triers of fact, when they find that a defendant had in his mind an intention, resulting from thinking upon the matter for even so brief a time, to take life, to go further into metaphysical inquisition to determine whether such intention was 'clear' or was 'specific.' "

(5) Charge No. 9 (assignment 3) was as follows: "The elements of murder as I have given to you must be shown by the evidence beyond a reasonable doubt before you can find the deft. [sic] guilty."

Where a written request to charge is dependent upon another charge, either oral or written, to complete its sense or for the principle sought to be announced, it is so involved and its tendency to confuse and mislead such that the court will not be put in error for refusing such deficient written request to charge. Where the oral charge is not set out, as is the case here, we have no data from which it is possible to review the charge.

(6) Charge No. 8 (assignment 6) is obviously incorrect and involved. By the employment of two negatives the jury is instructed diametrically opposite to what was evidently intended. The result is that the charge instructed that the jury could not convict if the deceased died of the effects of the blow. Aside from this, the charge was faulty in that a conviction could have been had if the blow accelerated the deceased's death.

(7) Charge No. 4 (assignment 7), a charge instructing the jury that, if they had a reasonable doubt of any essential element of unlawful homicide, they could not find the defendant guilty, was vicious, for that it referred a question of law to the jury, as it left to them to say what were the "essential elements of unlawful homicide."—*Brooks' Case*, 8 Ala. App. 277, 291, 62 South. 569; *Whatley's Case*, 144 Ala. 68, 76, 39 South. 1014.

(8) Charge No. 5 (assignment 8) also refers a question of law to the jury, in that it leaves to them to say what are the material averments of the indictment and whether such material averments were proven "as required by law."

(9) Charges Nos. 6a and 7 (being assignments 9 and 10, respectively) have been condemned in several cases. In *Fon-*

[Ala. Fuel & Iron Co. v. Baladoni.]

*ville's Case,* 91 Ala. 39, 44, 8 South. 688, 690, COLEMAN, J., observed: "They (charges 1 and 3) are misleading, and each invades the province of the jury. * * *. If there is evidence tending to show the guilt of the defendant, and also evidence tending to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of the defendant's guilt, and not for the court to instruct them what part of the evidence they shall credit and what conviction such evidence shall produce on their minds, or which theory they shall accept."

See, also, *Gibson's Case,* 91 Ala. 64, 9 South. 171; *Toliver's Case,* 94 Ala. 111, 10 South. 428; *Johnson's Case,* 102 Ala. 1, 18 16 South. 99; *Smith's Case,* 88 Ala. 23, 7 South. 103; *Compton's Case,* 110 Ala. 24, 35, 20 South. 119; *Terry's Case,* 13 Ala. App. 115, 69 South. 370.

The record is free from prejudicial error, and the judgment below is affirmed.

Affirmed.