193 So. 190

**BARRON v. STATE.**

2 Div. 675.

Court of Appeals of Alabama.
Nov. 28, 1939.

Rehearing Denied Jan. 9, 1940.

138

Judson C. Locke, of Marion, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The homicide grew out of a difficulty between the deceased and the appellant during which appellant stabbed or cut the deceased just above the first rib on the left breast and on the back. The deceased was taken to the office of Dr. Meig immediately after the difficulty, and while the Doctor was sewing up her wounds, she died. Dr. Meig testified that, in his opinion, the wounds on her body would not have produced death, but that the fight and the cutting produced shock and, in his opinion, death was due either from shock or heart trouble. Dr. Meig did not make a close examination of the wound. He did not probe it and did not see or examine the sub-clavical vein.

On the third day after the death of deceased, the body was examined by Dr. Jones after it had been prepared for burial. At which time Dr. Jones made a thorough examination of the wound in the front part of the body and as a result of that examination, he testified that the sub-clavical vein had been cut in two and that the severing of that vein would cause death inevitably in a few minutes, and in his opinion the deceased died from the effects of that wound. This presented one of the issues in the case.

There was objection to the testimony of Dr. Jones, on the ground that the examination made by him was too remote and that it was not shown that the body was in the same condition as it was when examination was made by Dr. Meig. Whatever error there may have been in permitting this testimony by Dr. Jones, same was rendered harmless by the Undertaker, who identified the body, the wound and the condition as being the same as when it was examined by Dr. Meig.

The principal question presented by this appeal arises in an exception reserved to a part of the Court's Oral Charge as follows: "* * * if Susie Bowman died and her death was caused by the act of the defendant in cutting her, stabbing her, or hastened the death of Susie Bowman, or acelerated the death of Susie Bowman, then this defendant cannot escape responsibility therefor under the doctrine of apportionment of wrongs, which the law does not do; the law does not apportion the wrong.

So it is material for you gentlemen to determine from the evidence as to the cause of death of Susie Bowman. If she died entirely from natural causes, then this defendant would not be responsible, of course, therefor; but if she died and this defendant contributed to or hastened her death or accelerated her death by the stabbing or cutting then this defendant is responsible therefor, provided the other facts of this case are proved to your satisfaction beyond a reasonable doubt."

■■ The foregoing quotation is a correct statement of the law of this case. Whether the deceased died from the cutting or stabbing of the sub-clavical vein or from shock superinduced by the wound and the fight, or from natural causes superinduced by the defendant, is of no moment in this inquiry. If such were the case and the act of defendant was not justified, she would be guilty. 11 Alabama Digest, Homicide, ☞5.

■■ For the same reason defendant's requested Charges 1, 9, 11, 12 and 15 were properly refused. These charges ignore defendant's responsibility for the death of deceased. If it appear from the evidence that the death of deceased was accelerated by the violence of the defendant, his guilt is not extenuated, because death might have come from natural causes as a result of disease with which the deceased was afflicted at the time of the felonious assault. State v. Morea, 2 Ala. 275; Winter v. State, 123 Ala. 1, 26 So. 949; Huckabee v. State, 159 Ala. 45, 48 So. 796.

■ Refused Charge 4 has many times been held to be bad, in that it ignores the element of willfulness in the testimony of witnesses. Prater v. State, 107 Ala. 26, 18 So. 238.

■ Refused Charge 16 was properly refused for several reasons. In the first place it pretermits a consideration of freedom from fault in the bringing on of the difficulty and seeks to invoke the doctrine of self-defense pretermitting the duty to retreat. The charge is otherwise involved.

Other questions raised in this case have been examined, and are found to be without merit.

The judgment is affirmed.

Affirmed.