DeCARLO, Judge.
Appellant was indicted for first degree murder and, after a jury trial, convicted of second degree murder and sentenced to ten years.
Appellant was charged, in a nine-count indictment, for the murder of one Herman Flanory by, inter alia, (1) kicking him, (2) stomping him, (3) throwing him on the ground, (4) throwing him on the hood of the car, (5) beating him with his fists, or (6) stabbing him. The State’s evidence showed that about 1:30 A.M. on March 3, 1979, appellant and one Jerry Jarvis, both white males, were seen in the parking lot of the Daylight Grocery Store in Montgomery beating up the victim, an elderly black man they suspected of burglarizing their automobiles. Appellant has spent the evening having drinks at the Corral Club across the street from the grocery store.
The victim was taken to Jackson Hospital and then by ambulance to the VA Hospital in Birmingham where he died. The physician who performed the autopsy testified that, although the victim had pre-existing emphysema, arteriosclerosis and an alcohol-related liver ailment, the “most likely” cause of death was a massive pulmonary fat embolism caused by bone marrow and fat deposits from three fractured bones leaking into his blood system and lodging in the lungs. The victim had a broken arm, thigh bone, and pelvic bone as a consequence of the March 3 beating he sustained. The doctor also testified that the embolism could have been triggered, or hastened, by the victim’s being transported to Birmingham in an ambulance.
Appellant testified in his own behalf that he did not strike, kick or otherwise hurt the victim, he merely inquired whether the victim was trying to break into his (appellant’s) car and helped the victim up off the ground after Jarvis hit him.
I
Appellant moved to exclude the State’s evidence arguing that, among other things, the State had not excluded pre-ex-isting ailments or intervening agencies as causes of death. It is clear, however, that the unlawful act of the accused need not be the sole cause of death. Even if the defendant’s act was only a partial cause accelerating death, the defendant is responsible. Barron v. State, 29 Ala.App. 137, 193 So. 190 (1939); Harvey v. State, 15 Ala.App. 311, 73 So. 200 (1916).
II
Appellant claims the trial court erred by giving a negative answer to the following question posed by the jury after they had begun their deliberations:
“THE COURT: Ladies and gentlemen, I thank you for writing down these questions which you have. I’ll read them out for the record. Question 1, ‘Do we have to agree on one or more counts of the indictment?’ The answer to that question is, no, you do not. You don’t have to agree on one or more counts of the indictment and where there’s an indictment with different counts charging the same offense, the State does not have to elect under which count it would prosecute. It is manifest both from the indictment and the evidence, that there’s no effort to require the defendant to answer to more *163 than one offense, and the purpose and effect of the joinder of the counts was to meet the different aspects in which the evidence might present a single transaction. So the answer to your question of do you have to agree on one or more counts of the indictment, is no.

“MR. SMITH: Your Honor?
“THE COURT: Yes, sir.
“MR. SMITH: We respectfully except to the judge’s thing as to whether or not they have to agree. They do have to agree, all of them, each of them, on one of those counts. They can’t have a majority on this one, and a majority on that one. I think they do have to agree. “THE COURT: You’re making an incorrect statement of the law. Your exception is noted. You’re requested to please argue the law outside the presence of the jury because we don’t want to confuse the members of the jury. I’m charging you that you do not have to agree on one or more counts of the indictment. With that you may retire and resume your deliberations.”
In McDonald v. State, 241 Ala. 172, 1 So.2d 658 (1941), the indictment for murder contained several counts, each averring a different means, as here, by which a single offense, murder, was committed. The Supreme Court stated the following:
“The means by which the offense was committed is not a constituent element of the offense of murder.... It was physically impossible for the defendant to kill the [victim] more than once, therefore, the indictment charged but a single offense, and the appellant’s insistence that he was entitled to a separate verdict as to each count of the indictment is without merit.”
In Cleveland v. State, 20 Ala.App. 426, 103 So. 707, cert. denied, 212 Ala. 635, 103 So. 711 (1925) the court held that in a multi-count murder prosecution, it was not necessary for the trial judge to require the jury to specify under which count they found the defendant guilty; they had a right to return a general verdict of guilty, without specifying as to each count. The trial court’s answer to the jury’s question was, therefore, proper.
We have searched the record and have found no error; the judgment and conviction of the Montgomery Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.